## MARION MACHINE FOUNDRY & SUPPLY CO. v. PECK et al. (No. 2279.)

(Court of Civil Appeals of Texas. Amarillo. June 18, 1924. Rehearing Denied Oct. 15, 1924.)

**1. Action ⬅➡59—Judgment of dismissal held a judgment in separate cause, and not in consolidated cause.**

Where action against two partners on notes executed by one was consolidated with separate action by same plaintiff against them on notes executed by the other, and one of the partners deposited the amount due on notes executed by him into court and moved for dismissal of cause, the judgment dismissing "this cause" *held* a judgment of dismissal in the separate action on the notes executed by such defendants, and not a judgment entered in the consolidated cause.

**2. Appeal and error ⬅➡78(4) — Judgment of dismissal is final judgment, and is appealable.**

A judgment of dismissal is a final judgment, and may be appealed from.

**3. Appeal and error ⬅➡79(2)—Judgment of dismissal as to one of two defendants is not final judgment.**

Judgment dismissing case as to only one of two defendants is not final, and appeal therefrom should be dismissed.

**4. Dismissal and nonsuit ⬅➡58(4)—Not had for insufficient petition.**

Suit cannot be dismissed on motion for insufficiency of petition, since plaintiff is entitled to trial and adjudication in the regular course of judicial procedure.

**5. Partnership ⬅➡212—Petition against partners on notes executed by one alleging joint liability of both on original indebtedness, held to plead good cause of action in alternative.**

Petition, in action against two partners, on notes executed by one of them, alleging that the original consideration for the indebtedness was goods sold to one partner, and that both defendants were jointly liable on such original indebtedness, and pleading in the alternative for recovery on original indebtedness, *held* to plead good cause of action in the alternative.

**6. Payment ⬅➡16(1)—Ordinarily note does not discharge existing indebtedness.**

Ordinarily a note given for an existing indebtedness does not discharge it, and if the note be not paid, plaintiff may sue on the original indebtedness.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Consolidated actions by the Marion Machine Foundry & Supply Company against A. P. Peck and another. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

A. C. Scurlock, of Dallas, for appellant.

Berry, Stokes & Killough, and O. T. Warlick, all of Vernon, for appellees.

BOYCE, J. The Marion Machine Foundry & Supply Company filed two suits in the district court of Wilbarger county, Tex. The original petitions in the two cases are not in this record, but it appears from the recitals in other proceedings, and it seems to be accepted by both parties as fact that suit No. 3099 was against A. P. Peck alone, on two notes executed by Peck and suit No. 3100 was against E. H. Pigg alone, on two notes executed by him; that Peck answered that the two notes executed by him were without consideration; that they were executed as an accommodation to E. H. Pigg, and that the consideration for his execution thereof had failed; that a trial in the case against Peck resulted in a hung jury. Plaintiff then filed amendments in both cases, making both Pigg and Peck parties in each case, and making practically the same allegations in each case. In the amendment in cause No. 3100, the plaintiff set up the execution of the two sets of notes by Pigg and Peck respectively. He further alleged the original consideration for the indebtedness, in evidence of which the notes were given, alleging that the plaintiff sold to E. H. Pigg certain goods; that Pigg and Peck were partners and jointly liable on such original indebtedness, or at least that Pigg was liable for it all, and pleaded in the alternative for recovery on this indebtedness, in the event it should be held that he was not entitled to recover on the notes. After the filing of these amendments the plaintiff moved for a consolidation of the two cases. The court evidently ordered the consolidation. Appellee says that there is no order of consolidation entered on the minutes. There is in the record a copy of such an order, bearing the signature of the judge. It is true that the clerk does not show the book and page of the entry of the minutes; neither does such showing appear as to the other orders in the case. We know, from other transcripts, that it is not the custom of this particular clerk, in the preparation of his transcripts, to show the place of entry of the orders. (Parenthetically, we may say in the interest of future transcripts from this court, that it would be at least the better practice for the clerk to show the place of record of the court's orders so that there might be no question as to their entry.) The disposition we make of the case, however, renders it immaterial whether the order of transfer was made or not. Pigg made a motion to set aside the order of con-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

solidation, alleging that the plaintiff showed no cause of action against him, except as to the two notes executed by him; that he had offered to pay these; that he was a busy man, and wanted to pay off the notes and be freed from the trouble and expense of further attendance upon the court; that upon setting aside of said consolidation he would immediately tender into court the amount due on said notes. Wherefore he prayed the court to annul the order of consolidation, "restore cause No. 3100 to its place on the docket, in order that he may force the plaintiff to dismiss said litigation against him, that he may be freed from the annoyance of unnecessary litigation and the loss of time and expense of attending court." No formal order disposing of this motion was made, but on the day of its filing the court entered judgment in cause No. 3100 which recited that "the court, having heard proof upon the point as to whether the defendant E. H. Pigg offered on or about the 1st day of February, 1923, to pay the notes" executed by him, found that he had made such offer, and directed the clerk to calculate the amount due on the notes at the time of such offer; that such computation having been made and the defendant Pigg having deposited with the clerk the amount so found to be due on February 5, 1923, together with costs accrued to such date, the court "is of the opinion that such cause should be dismissed." The judgment then proceeded to decree "that this cause is and the same is hereby dismissed, and it is further ordered by the court that plaintiff be and he is hereby barred from asserting any further cause of action by reason of said note sued on or any of the transactions out of which they grew." From this judgment the Marion Company has appealed, filing two appeal bonds, one in cause No. 3100, and the other in the consolidated cause.

[1-3] Some question is raised in the briefs as to the finality of the judgment and as to whether it should be considered as being a judgment entered in the consolidated cause or in cause No. 3100. We think it should be taken as relative to cause No. 3100 alone, but that may be immaterial, since as it was entered it was a final dismissal in general terms of the case in which it was entered and without limitation as to parties. A judgment of dismissal is a final judgment, and may be appealed from. If the judgment disposed of only Pigg, in a case against Pigg and Peck, then it would not be a final, and the appeal should be dismissed.

[4-6] In either case, for the benefit of the trial court in further disposition of the case, we will say that we think the judgment is wrong. Even if the allegations of the amended petition set out no good cause of action against Pigg in the alternative plea, nevertheless, the plaintiff had the right to have a trial and adjudication in the regular course of judicial procedure; a dismissal of the suit on motion is not such a trial. Plaintiff's pleading, particularly the amended pleading in the consolidated cause, is prolix and confusing. But if we understand the substance of it, we think he pleads a good cause of action in the alternative. Ordinarily a note given for an existing indebtedness does not discharge it, and if the note be not paid the plaintiff may sue on the original indebtedness. Otto v. Halff, 89 Tex. 384, 34 S. W. 911, 59 Am. St. Rep. 56; Rushing v. Citizens' National Bank (Tex. Civ. App.) 162 S. W. 460; White v. Boone (Tex. Sup.) 12 S. W. 51.

We will say further that we are of the opinion that the two cases should be consolidated, repleaded, and tried as one case.

Reversed and remanded.