## WOOD et al. v. KEY et al.   (No. 2219.)

(Court of Civil Appeals of Texas.   Amarillo.   Nov. 28, 1923.)

**1. Vendor and purchaser ⬅291—Persons not signing notes not liable thereon though interested in purchase of land for which notes given.**

In an action against eight alleged purchasers of land on promissory notes signed by two of them who by agreement took title and to foreclose vendor's lien, there could be no recovery against those not signing under Negotiable Instruments Act, § 18 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—18).

**2. Principal and agent ⬅145(2)—Undisclosed principal obtaining benefits might be sued on original consideration for which note given.**

Despite Negotiable Instruments Act, § 18 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—18), the undisclosed principal who obtains the benefits of a transaction in which a note was given by the agent might be sued on the original consideration for the contract outside the note.

**3. Vendor and purchaser ⬅280(1)—Suit against signers of notes and others held one on notes and not on original consideration therefor.**

In an action to recover principal, interest, and attorneys' fees on two promissory notes executed by two of eight defendants in payment of land, and to foreclose a vendor's lien, allegation that defendants agreed between themselves to buy plaintiffs' land and to take title in the name of the two signing the notes *held* in aid of plaintiffs' assertion of liability of all defendants on the notes, and plaintiffs were not suing on the original contract.

Appeal from District Court, Wilbarger County; J. V. Leak, Judge.

Suit by R. E. L. Wood and others against J. D. Key and others. From the judgment rendered, plaintiffs appeal. Affirmed.

Bonner, Storey & Storey, of Vernon, for appellants.

Berry, Stokes & Killough and O. T. Warlick, all of Vernon, and F. M. Kemp, of Austin, for appellees.

BOYCE, J. Appellants, R. E. L. Wood, Sallie P. Wood, and W. W. Hall, brought this suit to recover principal, interest, and attorney's fees due on two promissory notes, executed by J. D. Key and L. A. Huddleston, and to foreclose a vendor's lien given to secure the payment of said notes retained in a deed of conveyance executed by the Woods,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

whereby they conveyed certain land in Wilbarger county, Tex., to the said Key and Huddleston. Plaintiffs sought judgment against certain defendants other than the said Key and Huddleston, to wit, W. H. Hancock, H. Y. Pitts, Lee Jordon, J. H. Freudiger and W. F. Key, on allegations in effect as follows: That prior to the purchase of said land all of the defendants entered into an agreement among themselves for the purchase thereof and taking of title in the name of the said L. A. Huddleston and J. D. Key, for the benefit of them all; that said parties agreed that they would pay a proportionate part of the cash payment and—

"each would pay his proportional part of the notes herein sued on, but that the title to said property was to be conveyed to the said L. A. Huddleston and J. D. Key, and to be held by them in trust for the use and benefit of all of said copartners, that is, J. D. Key, L. A. Huddleston, W. H. Hancock, H. Y. Pitts, Lee Jordan, J. H. Freudiger and W. F. Key. The last five named defendants were not to be known in said copartnership, but the said J. D. Key and L. A. Huddleston were to take title to said property, as they did do, execute the notes as they did execute them, and, when said property should be sold, all of said copartners were to share equally in the proceeds of such sale."

After such allegations the petition proceeds:

"Wherefore, plaintiffs pray that they have judgment against the said J. D. Key and L. A. Huddleston as makers of said note and against the said J. D. Key, L. A. Huddleston, W. H. Hancock, H. Y. Pitts, Lee Jordon, J. H. Freudiger, and W. F. Key, jointly and severally for the full amount of their said notes, interest, and attorney's fees, and for the foreclosure of their vendor's lien on the above-described land and premises, * * * and for such other and further relief, special and general, in law and in equity that they may be justly entitled to in the premises."

[1, 2] The court sustained exceptions to the petition as to the defendants other than those executing the notes, and rendered judgment for the plaintiffs on the notes against the makers with foreclosure of the lien. The appeal questions the action of the court in sustaining exceptions to plaintiffs' cause of action against the defendants W. H. Hancock, H. Y. Pitts, Lee Jordon, J. H. Freudiger and W. F. Key.

Section 18 of the Negotiable Instruments Act (article 6001—18, Vernon's Statutes 1922 Supplement) provides that:

"No person is liable on the instrument [a negotiable instrument] whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed in his own name."

As it is not claimed that the defendants other than J. D. Key and L. A. Huddleston "signed the notes in a trade or assumed name," and no other express provision of the Negotiable Instrument Act is invoked to sustain the liability of such persons on the note, the statutory provision quoted would not sustain the judgment of the court if appellants' suit is to establish liability on the said notes. The statute quoted is a restatement in effect of the law as it existed prior to its enactment. Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 280 and authorities, Daniel on Negotiable Instruments. Sec. 303. Under the old law, and we take it the same rule would apply under the statute, the undisclosed principal who "obtains the benefits of a transaction in which the note was given by the agent" might be sued on the original consideration for the contract outside the note. 8 C. J. 168; Coaling Coal & Coke Co. v. Howard, 130 Ga. 807, 61 S. E. 987, 21 L. R. A. (N. S.) 1051, and notes, 1082.

[3] As we construe the appellants' pleading, they do not sue on the original consideration for the contract outside the notes. While they set up the facts preceding the execution of the notes and thus show the consideration for which they were given, this is done in aid of their assertion of liability of all the defendants to the payment of the notes themselves, and the plaintiffs seek to recover interest and attorney's fees as provided by the notes, which would be inconsistent with the idea that they were suing on the original sales contract.

We are of the opinion that the trial court properly sustained the exceptions, and affirm the judgment.