**WENZEL v. BROOKS–ASBECK, Inc., et al.**

No. 11990.

Court of Civil Appeals of Texas. Galveston.

May 6, 1948.

Rehearing Denied May 27, 1948.

**612**

Merrill & Scott, of Houston, for appellant.

Butler, Binion, Rice & Cook and Arthur P. Terrell, all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, Walter Wenzel, for the recovery from appellees Brooks-Asbeck, Inc., and George L. Asbeck and R. B. Miller individually, of the sum of $16,800.00, which was alleged to have been advanced by appellant at the request of Paul Brooks, now deceased, for the purchase of a stock of merchandise for the use and benefit of the then unincorporated copartnership composed of Paul Brooks, George L. Asbeck and R. B. Miller. Appellant alleged that the three named individuals as co-partners and joint promoters of the corporation, had received and used the merchandise purchased with funds supplied by him in the conduct of a retail mercantile business prior to its incorporation.

At the close of appellant's evidence, the trial court granted appellees' motion for an instructed verdict in their favor, and upon the verdict returned judgment was rendered that appellant take nothing against appellees.

The record shows that appellees George L. Asbeck and R.B. Miller had entered into a written agreement with Paul Brooks to engage in the clothing business in Houston, Texas, with the understanding that Brooks would contribute to the proposed corporation a stock of clothing which he claimed to have purchased from a tailoring concern in Cincinnati, Ohio, and that Asbeck and Miller would contribute an amount in cash equal to Brooks' contribution. Brooks had not paid for the goods he had agreed to contribute to the proposed corporation, though the president of the clothing concern, on Brooks' instruction, informed Asbeck that the goods had been paid for.

Appellant Walter Wenzel agreed to lend Brooks the sum of $16,800.00 to pay for the stock of goods Brooks had agreed to contribute as his share of the funds for the opening of the proposed mercantile establishment. As security therefor Brooks gave Wenzel his personal check for the sum of $18,000.00, with the understanding that it was to be held several days before being cashed. This check to Wenzel was never paid. The goods purchased by Brooks, and for which the loan was made by appellant, were shipped by the Cincinnati firm and were used by the three named parties, first as co-partners, and later by the corporation to which the unsold portion of the merchandise was delivered. On March 18, 1947, Paul Brooks committed suicide. His estate was shown to have been insolvent at the time of his death.

It is undisputed that, prior to the date the $16,800.00 loan was made by Wenzel to Brooks, Wenzel had made another loan of $8,400.00 to Brooks, which was covered by Brooks' personal check for $9,000.00 to Wenzel. The check for the first loan had not been cashed at the time the second loan was made. The first loan was eventually paid, and is not involved in this controversy.

Appellant contends that under the pleadings and the evidence adduced, the liability of appellees was a question of fact for the jury. This contention cannot, we think, be sustained under the facts presented.

The early case of Phillips v. Stanzell, Tex. Civ. App., 28 S.W. 900, involved a state of facts similar in all material respects to the facts in the instant case. In that case a partner borrowed money and used it in the firm's business. The court held that the money was contributed as the partner's share of capital due the partnership fund, and that the firm was not liable.

In the later case of Miller v. White, Tex. Civ.App., 112 S.W.2d 487, 490 (writ dismissed), under a similar state of facts, the Court said: "The rule is settled that a firm is not liable on a loan made to one partner only and solely on his credit, even though he uses the money for the firm" (citing numerous authorities).

It has been uniformly held that in cases where the debt under consideration is evidenced by a negotiable instrument signed by one of the partners individually, that the partnership is not liable. Tom v. First National Bank of Midland, Tex.Civ.App., 104 S.W.2d 130; Sheehan v. Hudman, Tex. Civ.App., 49 S.W.2d 953; Southern Surety Co. v. Plott, 4 Cir., 28 F.2d 698.

The authorities from other jurisdictions follow the same line of reasoning as adopted by our Courts.

In the case of Norwalk National Bank v. Sawyer, 38 Ohio St. 339, the court in its opinion held that "Money borrowed by one partner on his individual credit will not become a debt of the firm by being used in its business, and the rule is not different where the money was loaned for the purpose of enabling such partner to pay to the firm his portion of a specified sum which each partner had agreed to contribute."

In the instant case, it is undisputed that the goods purchased by Brooks from the Cincinnati firm were used by the firm. It is, we think, clear, however, that the $16,800.00 loan was made to Brooks individually to enable him to buy goods which he had contracted to contribute as his share of the proposed mercantile business. This contribution could not, we think, be held to be a benefit for which appellees, the individuals comprising the copartnership or the corporation could be held liable. While it was established that the goods became partnership property before the corporation was formed, this would not, we think, establish the fact that Brooks' obligation to appellant, Walter Wenzel, was a firm debt.

It is the established law in this State that a corporation cannot, before its organization, enter into a contract, and that it is not liable upon a contract made for it by a promoter unless it is ratified after the completion of its organization. 17 A.L.R. 454; Weatherford, M.W. & N. W. Ry. v. Granger, 86 Tex. 350, 24 S.W. 795, 40 Am.St.Rep. 837; Exline-Reimers Co. v. Lone Star Life Ins. Co., Tex.Civ. App., 171 S.W. 1060.

No evidence was offered in the instant case which could be construed as a ratification or adoption by the corporation, of the obligation of Paul Brooks to appellant.

In the case of Guaranty Bank & Trust Co. v. Beaumont Cadillac Co., Tex.Civ. App., 218 S.W. 638, 643, the branch manager of a concern borrowed money in the firm's name to cover his shortages and remitted the money to the head office. The plaintiff sought recovery on the ground that the firm had received the bene-fit of the money. The reviewing court, in affirming the judgment of the trial court, held that even if the principal "keeps the money after being informed of how the agent obtained it it is not a ratification."

The courts of this State have uniformly held that "A direction of the verdict to be given is therefore proper whenever there is no evidence to support a material issue, whenever the jury can come to no other correct conclusion, whenever the evidence is all on one side and sufficient to support such verdict, or whenever there is only a pure question of law." 41 Tex.Jur., 935, 936.

In the instant case it is, we think, obvious that there was no material issue of fact to be submitted to the jury, and that the facts on the record show only a question of law as to the individual and corporate liability of the appellees.

The judgment of the trial court will be in all things affirmed.