## FIRST STATE BANK OF RIESEL
### v. DYER et al.
#### No. 3010.

Court of Civil Appeals of Texas.
Waco.

April 24, 1952.

Rehearing Denied May 22, 1952.

B. A. Garrett, O. M. Weatherby, Waco, for appellant.

Conway & Scharff, Waco, for appellees.

HALE, Justice.

Appellant, First State Bank of Riesel, sued appellees, O. G. Dyer and Clinton Woodside, to recover the amount alleged to be due it on a certain promissory note and to foreclose a chattel mortgage given to secure the payment thereof. It pleaded that appellees were partners doing business in the City of Waco under the partnership name of Waco Gibson Tractor Sales; that on December 30, 1948, appellees, acting through Woodside and his wife, borrowed $7324.50 from appellant, as evidence by their note of that date and a chattel mortgage given to secure the payment of such note; and that the note and mortgage were each signed by Woodside and his wife, but the money was borrowed by them for the Waco Gibson Tractor Sales and was used in the business of the partnership for the benefit of both partners. It prayed for judgment against both appellees, jointly and severally, in the amount of principal, interest and attorney's fees due upon the note, together with a foreclosure of its lien, and, in the alternative, that it have a joint and several judgment against both appellees for the unpaid balance of the amount it had loaned to them.

Woodside, having failed to appear in response to citation served by publication, was represented by a court appointed attorney who answered for him with a general denial and a plea that he delivered all the assets belonging to the partnership to Dyer at the time when the partnership was dissolved and that such assets were sufficient in value to discharge all obligations of the partnership. He prayed, in the event any judgment be rendered against him, that he have judgment for such amount over against his former partner.

Dyer answered the petition of appellant with a general denial and a verified plea denying the execution of the note or chattel mortgage sued upon, denying that either was executed for him as a partner or otherwise, alleging that the note sued upon evidenced the individual debt of Woodside and wife to appellant, that the same was not a partnership debt and that the tractors and machinery described in the mortgage securing the payment of the note did not belong to Woodside and wife or to the partnership at the time when the mortgage was signed by Woodside and wife, such tractors and machinery belonging to and being in the possession of Waco Farm Machinery Company at that time, and that the Waco Farm Machinery Company continued thereafter to be the owner of such property until Dyer paid to the latter company from his own personal funds the purchase price thereof.

The case was tried before a jury but upon the conclusion of the evidence appellant and Dyer each moved the court for a peremptory instruction, each asserting that under the competent evidence there was no material issue of fact to be submitted to the jury. Thereupon, the court overruled the motion of appellant, sustained the motion of Dyer, withdrew the case from the jury and rendered judgment establishing appellant's debt as against Woodside, decreeing an accounting as between the partners and the partnership property, adjudging to Dyer priority of payment of all sums advanced by him to the partnership and decreeing a foreclosure of appellant's chattel mortgage lien against the property of Woodside, if any, upon the accounting. From the foregoing judgment appellant has duly perfected its appeal to this court.

Under the several points upon which its appeal is predicated, appellant says the court below erred in overruling its motion for a peremptory instruction and in rendering judgment in accordance with the motion of Dyer because the evidence conclusively showed that the note sued upon was executed by and for the partnership as a partnership obligation, that appellant advanced to appellees as partners the sum of $6000 which was not repaid and is still owing to appellant as a partnership debt and because, under the undisputed evidence, Dyer is estopped to deny his liability to appellant on the note and debt in suit.

The undisputed evidence shows that on or about October 13, 1947, Woodside and Dyer agreed verbally to engage as partners in the sale of Gibson Tractors under the firm name of "Waco Gibson Tractor Sales." Dyer put up the initial capital for the enterprise in the sum of $3500, with the understanding that Woodside would later pay for his one-half interest in the business from his part of the profits, it being understood that the partners would share equally the profits and losses arising from the undertaking. Woodside operated the business of the partnership as manager thereof until operations were suspended on May 13, 1949. On January 28, 1948, Woodside and his wife signed their names to a promissory note, payable to the order of appellant in the sum of $9000, with interest at the rate of six per cent per annum from date until paid, the note being payable 60 days after its date. On April 9, 1948, they signed another note which, with the exception of its date, was identically the same as the note dated 'January 28, 1948. On December 30, 1948, Clint Woodside and wife, Edna Woodside, signed their names to the note herein sued upon, whereby they promised, for value received, to pay to the order of appellant the sum of $7324.50, with interest at the rate of six per cent per annum from date until paid, the note being payable on demand. Each of these three notes was evidenced by the same printed form, the only difference in their contents relating to dates and amounts which were filled in by means of a typewriter. Neither the signature nor the name of Dyer appeared at any place on either of these notes. Neither the signature nor the name of Waco Gibson Tractor Sales appeared at any place on either of the first two notes but such name did appear at the top of the note herein sued upon, having been written by means of a typewriter above the black line which enclosed the body and contents of the note. We find no evidence as to when, why or by whom the firm name of Waco Gibson Tractor Sales was so typed upon the note, the record being entirely silent on that point.

O. H. Hartman testified without dispute that he was Vice President of appellant when each of the three notes above referred to was signed, he having severed his connections with the bank about January 1, 1951; that he handled the transactions on behalf of appellant as evidenced by each of these notes; that each note, and the chattel mortgage given to secure the payment of each, was signed by Clint Woodside and Edna Woodside, but the loan evidenced by the first note and by each of the renewals thereof was made to Waco Gibson Tractor Sales as a partnership; and that the loan evidenced by each note was carried on the books of the bank under the names of Woodside and wife. Edna Woodside testified without dispute that she kept a set of books for Waco Gibson Tractor Sales showing the financial operations of the firm from the time it began doing business until it suspended operations on May 13, 1949, she having become divorced from her former husband subsequent to that time; that although each of the three notes to which we have referred, and the mortgage securing the payment of each, was signed by her former husband and herself, the loan evidenced by each was made to Waco Gibson Tractor Sales and the proceeds therefrom were used for the benefit of the firm and in the furtherance of its business; and that the loans evidenced by such notes were duly entered and carried on the books of the firm as a part of its financial operations. At the close of the evidence Dyer moved the court to strike from the record all testimony of Hartman and Mrs. Woodside to the effect that the loans evidenced by each of the three notes were made to Waco

Gibson Tractor Sales as a partnership "for the reason that the evidence shows that any and all of such loans were based upon written contracts, to-wit: notes and mortgages executed by Clint Woodside and Edna Woodside, and that the evidence complained about herein is an effort on the part of plaintiff to vary the terms of the written contracts, and is in violation of the Oral Evidence Rule and should be stricken from this record and withdrawn from this jury." The trial court overruled this motion and Dyer excepted.

■ Sec. 18 of Art. 5932, Vernon's Tex.Civ.Stats., being a part of the Uniform Negotiable Instruments Act, provides that no person shall be liable on a negotiable instrument whose signature does not appear thereon. As a general rule, where only one of the members of a partnership signs his name to a promissory note, neither the firm nor any of the other partners is liable on the note unless the firm has no name or is doing business under the name of the partner who signs the note. This rule is applicable regardless of whether the note is or is not in fact made for a firm debt or for the benefit of the partnership. Bolan v. Wrather, Tex.Civ.App., 239 S.W. 279; Williams v. Kincannon, Tex.Civ.App., 265 S.W. 925; Person v. Katz, Tex.Civ.App., 47 S.W.2d 657, er.dis.; Sheehan v. Hudman, Tex.Civ.App., 49 S.W.2d 953. Since the note herein sued upon did not bear the signature of Dyer or of Waco Gibson Tractor Sales, we do not think Dyer is liable on the note, even though the proceeds derived from the loan evidenced thereby were in fact used for the benefit of the firm of which he was a member. Spencer v. Presbyterian Board, Tex.Civ.App., 36 S.W.2d 606; Jenkins v. Parkersburg Rig & Reel Co., Tex.Civ.App., 78 S.W.2d 694, er.dis.; Wenzel v. Brooks-Asbeck, Inc., Tex.Civ.App., 211 S.W.2d 611, er.ref.n.r.e.

■ We are also of the opinion that the testimony of O. H. Hartman and Edna Woodside to the effect that the loan evidenced by the note declared upon was made to Waco Gibson Tractor Sales as a partnership, was inadmissible and incompetent for the purpose of establishing liability against Dyer for the unpaid balance due by reason of such loan. As said by the court in the case of Farrier v. Hopkins, 131 Tex. 75, 112 S.W.2d 182, 184: "Because, therefore, the obligations of a negotiable note are by law limited to the maker thereof, liability on the part of one whose signature does not appear thereon cannot be created by parol evidence. * * * Austin Bros. v. Patton, Tex.Com.App., 294 S.W. 537. It is not improper, however, to say that the evidence is inadmissible because it tends to vary or add to the terms of the written instrument by substituting the liability of a party whose signature does not appear thereon for that of the maker, or as a co-maker. Watson v. Miller, 82 Tex. 279, 17 S.W. 1053; Dolsen v. DeGanahl, 70 Tex. 620, 8 S.W. 321; Manley v. Noblitt, supra [Tex.Civ.App. 180 S.W. 1154. W.Ref.]"

■ The broad concept embodied in the doctrine of estoppel is that a person who by his speech or conduct has induced another to act in a particular manner, ought not to be permitted to adopt an inconsistent position, attitude or course of conduct to the loss or injury of such other. 17 T.J. p. 128, sec. 2 and authorities. Mrs. Woodside testified in substance that Dyer knew the loans evidenced by the three notes to which we have referred were carried on the books of the firm as partnership liabilities, that the proceeds derived therefrom were used in the furtherance of the firm's business, and that he made no protest or complaint to her at any time with respect to such entries or the transactions to which they related. However, we find no evidence showing or tending to show that Dyer ever made any representation to appellant, or that appellant relied upon any statement, act or omission on the part of Dyer, or that it was in any wise injured by reason of his conduct in any particular. Therefore, we do not think Dyer was estopped to deny liability to appellant on the note or debt in controversy. Shear Co. v. Wilson, Tex.Com.App. 294 S.W. 843.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the court below is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.