THE FIRST STATE BANK OF RIESEL, TEXAS,
v. O. G. DYER, ET AL.

No. A-3719. Decided January 7, 1953.
(254 S. W., 2d Series, 92.)

*Barney A. Garrett* and *O. M. Weatherby,* both of Waco, for petitioners.

The Court of Civil Appeals erred in overruling petitioner's contention that since the evidence conclusively showed that Bank had advanced to the partners the sum of $6,000.00 which was not repaid and is still owing to bank as a partnership debt, the trial court erred in discharging the jury and rendering a judgment in favor of Dyer. Baldwin v. Haskell Natl. Bank, 104 Texas 122, 133 S.W. 864; Burnley v. Rice, 18 Texas 481; Person v. Katz, 47 S.W. 2d 657.

*Conway, Scharff & Walker* and *Tom Conway*, all of Waco, for respondent.

The petitioner, Bank, having shown no existing debt which was owed by the respondent, O.G. Dyer, to the petitioner, at the time of the making of the note sued upon, and the collection of any amount on the note being limited to collection from those persons whose names appeared therein, as signers, the Court of Civil Appeals properly affirmed the judgment of the trial court awarding judgment in favor of Dyer. Farrier v. Hopkins, 112 S.W. 2d 182; Wenzel v. Brooks-Asbeck, 211 S.W. 2d 611; Auston Bros. v. Patton, 294 S.W. 537.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This suit was brought by petitioner, hereinafter called Bank, against respondents, Dyer and one Clinton Woodside, to recover on a note signed by Woodside and his wife, Edna, but not purporting to be the obligation of Waco Gibson Tractor Sales, a co-partnership between Dyer and Woodside.

A trial was had before the court and a jury, and at the close of testimony by both sides, each side made a motion for an instructed verdict. The trial judge heard arguments on these motions and overruled petitioner's motion, and granted the motion of respondent Dyer and instructed a verdict in Dyer's favor. Upon appeal the Court of Civil Appeals in 248 SW 2d 785 affirmed the judgment of the trial court.

We have read and studied the record in this case, including all briefs filed by all parties, and are in accord with the disposition of the case made by the Court of Civil Appeals.

1 The Bank filed a trial amendment in which it sought a recovery against Dyer on the debt for which the note was given in the event it should be held not entitled to recover against Dyer on the note. The Bank says that in the event it should be held that it cannot recover on the note, it is entitled to recover on the loans it made to the partnership and which loans have not been repaid. The Bank contends that the partnership received the money and used it in the partnership business and should be liable for the debt, even if it were not liable on the note. The opinion of the Court of Civil Appeals has correctly decided that parol evidence is not admissible to show the liability of the partnership on the note signed only by Clinton and

Edna Woodside. Farrier v. Hopkins, 131 Texas 75, 112 SW 2d 182; Article 5932, Section 18, Vernon's Annotated Civil Statutes.

2 The rule as to liability of the partnership for individual obligations of a partner is stated to be a "although there is some authority to the contrary, the mere fact that a firm receives a benefit from a contract or transaction entered into by a partner in his individual capacity has been held insufficient to impose liability on the firm. * * * The firm or other partners, however, may be liable where the individual contracts or transactions of the partner are adopted or sanctioned by the firm and their benefits enjoyed by it." 68 C. J. S. Sec. 146, p. 581. A partnership may be held responsible for obligations executed in the name of an individual partner where such name has been adopted as the firm name or where the partners have consented to the use of his name in partnership matters; but use of an individual name raises a presumption that the transaction is an individual and not a firm matter." 68 C. J. S. Sec. 147b, p. 582. "* * * a partner, in order to bind the firm and other partners by his transactions or contracts on behalf of the firm must act within the scope of his express or implied authority, *and must act in his character of agent for the firm and not as principal*. If he acts as principal, and not as agent, as a general rule he alone is liable for such acts or transactions * * *." 68 C. J. S., Sec. 137, p. 573. "Where the partners are disclosed and known to a party contracting, and the contract is signed by only one partner who contracts in his own behalf, the other partners are not bound thereby." 68 C. J. S., Sec. 146, p. 581. (Emphasis added.) See 40 Am. Jur., Sec. 160, p. 243.

Our case is not one where liability is sought to be enforced against an undisclosed principal, by virtue of the acts of his agent. The officer of the Bank handling this transaction testified that at the time the loans were made he knew that respondent Dyer was a partner in Waco Gibson Tractor Sales. The undisputed evidence shows that on June 29, 1948 the Bank made a loan of $1,000.00 to the partnership on a note signed "Waco Gibson Tractor Sales, Clint Woodside", and this loan was paid in full. This was some six months after the first loan was made on the note signed only by Clint Woodside and Edna Woodside. Also, when the renewal note sued upon by the Bank was executed on December 30, 1948, approximately six months later, the Bank required only the signature of Clint and Edna Woodside, and made no demand that Dyer sign this note, or that the partnership name be signed thereto

Petitioners cited the cases of Ott v. Halff, 89 Texas 384, 34 SW 910; Wood v. Key, Tex. Civ. App., 256 S.W. 314; Marion Machine Foundry & Supply Co. v. Peck, Tex. Civ. App., 265 SW 195; Person v. Katz, et al, Tex. Civ. App., 47 SW. 2d 657; Burnley v. Rice, 18 Texas 481; Benson v. Adams, Tex. Civ. App., 274 SW 210; Caldwell Nat. Bank v. Reep, Tex. Civ. App. 188 SW 507; Baldwin v. Haskell Nat. Bank, 104 Texas 122, 133 SW 864.

The only evidence relied upon to show knowledge of Dyer, or acquiescence in, or adoption of Woodside's act in borrowing the money in his own name and using it in the firm business, consists of monthly financial statements furnished by Woodside to Dyer. These accompany the record. The first statement showing that any money had been borrowed from, or was owing to, the Bank is dated September 30, 1948. The original loan was made to Mr. and Mrs. Woodside on January 28, 1948, and was in the sum of $9,000.00. The statement for January 1948 shows "Notes Payable" in the amount of $12,500.00, without any description of the creditors to whom these notes were payable. Except as to the amount of the "Notes Payable" the other monthly statements up to September 1948 were similar to the January statement. The evidence further shows that the monthly statements were not delivered to Dyer until some five or ten days after the end of the month covered by the statement. At the time Dyer received the September statement all of the proceeds of the loan had long since been used, and there were no additional proceeds coming into the firm assets after June 1948. There was, therefore, no ratification, adoption, or agreement on the part of Dyer for Woodside to bind the partnership by contract executed in the individual name of Woodside.

The case at bar is distinguished from all cases cited by the Bank in two particulars: (1) There was no pre-existing indebtedness separate and apart from the note in our case, as there was in each of the cases relied upon by petitioner. The note constituted the original debt in our case, and (2) the party sought to be charged, and against whom recovery was sought, was liable on the pre-existing debt. There is no evidence to show liability of Dyer to the Bank. The Bank knew that Dyer was a partner in Waco Gibson Tractor Sales—according to the most favorable testimony to the Bank—but knowing this fact, made the loans to Clinton Woodside and Edna Woodside, and never asked or demanded that the firm name be signed, or that

Dyer sign any of the notes given for the loans involved in this suit. The Bank's liability ledger sheet showed liability was carried only in the name of Clinton Woodside.

For all the reasons set out above, the judgments of both courts below are in all things affirmed.

Opinion delivered January 7, 1953.

Associate Justice Culver not sitting.