See also Tex.Civ.App., 374 S.W.2d 900.

**Donald R. LANG, Appellant,**

**v.**

**Jack M. BASS, Jr., et al., Appellees.**

**No. 7679.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 23, 1965.

Rehearing Denied Dec. 14, 1965.

Gerald H. Fortney, Houston, for appellant.

William Key Wilde, Bracewell, Reynolds & Patterson, David J. Nagle, Nagle & Hall, Houston, for appellees.

CHADICK, Chief Justice.

This suit originated as an action to recover the unpaid balance of a promissory note, a reasonable attorney fee as contracted for in the note, interest, etc. The trial court's take nothing judgment rendered non obstante veredicto is affirmed.

Prior to the trial on the merits this case was consolidated for trial purposes with two others and by stipulation the United States Sulphur Corporation, a co-defendant, was dismissed as a party. Early in the trial on the merits parol evidence tending to prove that Jack M. Bass, Jr., and a partnership composed of Harold W. Clark, Beverly W. Landstreet III, Edward L. Kirkpatrick, Jr., and William Nelson II were co-guarantors of the payment of the promissory note in suit and obligated to pay it, though not signatories, was excluded as violative of Articles 3995, subdivision 2 (Statute of Frauds), and 5932, subsection 18 (Negotiable Instrument Act), Vernon's Annotated Texas Civil Statutes.

To avoid the consequences of the trial court ruling, the defendant Donald R. Lang by trial amendment deleted all reference to a promissory note from his trial petition. As amended his petition stated an action for money lent. Bass and the partnership countered by pleading the two year statute of limitations, Article 5526, Section 4.

If it be conceded that the liability Lang seeks to enforce did not arise out of the promissory note and is not based thereon, and that the note is merely incidental and collateral to the agreement between Lang, as lender, and Bass and the partnership, as borrowers, as Lang contends, the two year statute of limitation bars his action. The breached loan agreement was not in writing. Lang's amended trial petition asserted the indebtedness matured on or before February 18, 1962, and Bass and the partnership failed then and thereafter to satisfy it in full. The trial amendment pleading the action for money lent was filed with the permission of the court after trial on the merits began on September 17, 1964. More than two years elapsed between accrual of the action and the institution of a suit to enforce liability. The trial court's judgment is affirmed. Moore v. Dilworth, (1944), 142 Tex. 538, 179 S.W.2d 940; Article 5526, Sec. 4.