**Donald R. LANG, Petitioner,**

**v.**

**Jack M. BASS, Jr., et al., Respondents.**

**No. A–11227.**

Supreme Court of Texas.

March 2, 1966.

Rehearing Denied March 30, 1966.

Gerald H. Fortney, Houston, for petitioner.

Bracewell, Reynolds & Patterson, Houston, William Key Wilde, Houston, David J. Nagle, Houston, for respondents.

PER CURIAM.

Petitioner, Donald R. Lang, went to trial upon pleadings which sought to hold Jack M. Bass, Jr., and others liable as guarantors on a promissory note, none of whom signed the note as maker, indorser, or guarantor. During trial, Lang amended his pleadings, abandoned the action on the note, and relied upon a suit in debt only. Lang, however, introduced the note in evidence as proof of the debt. All of the defendants were disclosed to plaintiff at the time he took the note. In First State Bank of Riesel v. Dyer, 151 Tex. 650, 254 S.W.2d 92 (1953), this Court held that one who abandons an action on a promissory note and proceeds directly against the defendants by an action in debt, but relies upon the note to evidence the debt, cannot establish liability on the debt by parol evidence in contradiction of the note. The trial court in this case sustained objections to the evidence which contradicted the terms of the note, later admitted the evidence and then rendered judgment for the defendants notwithstanding the verdict. The Court of Civil Appeals has reached the right result in affirming the trial court's judgment. 397 S.W.2d 918. The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.