Ray C. ANDERSON, Appellant,

v.

Jerrie BADGER, Appellee.

No. 05–84–01120–CV.

Court of Appeals of Texas, Dallas.

May 8, 1985.

Rehearing Denied July 10, 1985.

Michael L. Langley, Zimring & Warner, P.C., Dallas, for appellant.

Neal P. Flagg, Pulley, Cole & Roberts, Dallas, for appellee.

Before SPARLING, WHITHAM and DE-VANY, JJ.

WHITHAM, Justice.

Appellant, Ray C. Anderson, appeals from a judgment in favor of appellee, Jerrie Badger. The issue is whether Anderson is liable to Badger upon a note executed by Anderson's partner, Richard E. Giles. In a bench trial, the trial court determined that Anderson was liable on the note. We disagree. Accordingly, we reverse and render.

The parties stipulated the facts and objections to parol evidence to establish one fact. Anderson and Giles were in partnership doing business in the name of Anderson-Giles Building Group for the purpose of building homes. The partnership solicited a $20,000.00 loan from Badger. At the time the loan was solicited, the partnership offered repayment from proceeds from the sale of a house being built by the partnership at 2455 Matland, Dallas, Texas. Anderson objected to the admissibility of any parol evidence which would tend to substantiate this fact. Badger executed a check in the amount of $20,000.00 to "Anderson-Giles Building Group" on August 16, 1983. Anderson executed a real estate lien note to Badger for $10,000.00, providing for interest at fifteen percent (15%) and payable on or before 180 days from date of execution. Giles and his wife executed a promissory note to Badger for $10,000.00, providing interest at twenty percent (20%) and payable on or before 180 days from date of execution. The note signed by Anderson and the note signed by Giles were executed contemporaneously with the check executed by plaintiff on August 16, 1983. Both Anderson and Giles executed an agreement whereby Badger would receive seven percent (7%) of the net proceeds from the sale of the home built at 2455 Matland, Dallas, Texas. This agreement is dated August 16, 1983. The $20,-000.00 check executed by Badger was deposited in the Anderson-Giles Building Group partnership bank account and subsequently used by the partnership for partnership business. Anderson had knowledge of the note signed by Giles at the time the loan was made by Badger. Likewise, Giles had knowledge of the note signed by Anderson at the time the loan was made by Badger. Badger filed suit against Anderson-Giles Building Group, Anderson and Giles to collect on the notes. Anderson filed a motion for temporary injunction. An agreement was entered into between the parties that from the proceeds of the sale of the house, $12,500.00 would be paid to Badger as payment of the note signed by Anderson, and another $12,500.00 was put in escrow pending the court's determination of partnership or individual liability on the note signed by Giles. Proceeds from the sale of the house at 2455 Matland, Dallas, Texas, are partnership funds. The debt to Badger is due and owing.

█ In two points of error, Anderson contends that he cannot be liable on the Giles note as a matter of law because he did not sign the note and because he did not ratify the note as a partnership obligation. In this connection, we recognize that Badger's brief attempts to treat Badger's suit as one for a suit on the note and, in the alternative, as a suit upon a debt of $20,000.00 based on a loan to the partnership to be used in its business of building houses. We decline to treat this appeal as involving the alternative claim for two reasons. First, we do so in light of the stipulation that "[Badger] filed suit against Anderson-Giles Building Group, [Anderson] and [Giles] *to collect on the notes.*" (emphasis added). Second, we do so in view of the supreme court's rejection of a similar contention in *First State Bank of Riesel v. Dyer,* 151 Tex. 650, 254 S.W.2d 92, 93 (1953). The facts in *Riesel* are similar to those of the present case. There the lender contended that the partnership received the money and used it in the partnership's business and should be liable for the debt, even if it were not liable on the note. In *Riesel,* the supreme court refused to recognize a debt separate from the note. 254

S.W.2d at 93. Consequently, in the present case we refuse to recognize a debt separate from the note. Therefore, the issue is whether Anderson is liable on the Giles note.

At the outset, we note the differences in the two notes on their face. The Giles note does not bear Anderson's signature nor the signature of the partnership. Furthermore, Giles' note was also executed by Giles' wife. Anderson's note was executed by Anderson only. Giles' note bears twenty percent (20%) interest. On the other hand, Anderson's note bears fifteen percent (15%) interest. Anderson's note was a real estate lien note presumably secured by a lien on the real estate at 2455 Matland, Dallas, Texas, as evidenced by the agreement to pay Anderson's note from the proceeds of the sale of 2455 Matland. To the contrary, Giles' note was unsecured.

■■■ TEX.BUS. & COM.CODE ANN. § 3.401(a) (Vernon 1968) provides that "[n]o person is liable on an instrument unless his signature appears thereon". As a general rule, where only one of the members of a partnership signs his name to a promissory note, neither the firm nor any of the other partners is liable on the note unless the firm has no name or is doing business under the name of the partner who signs the note. This rule is applicable regardless of whether the note is or is not in fact made for a firm debt or for the benefit of the partnership. *First State Bank of Riesel v. Dyer*, 248 S.W.2d 785, 788 (Tex.Civ.App.—Waco 1952), *aff'd*, 151 Tex. 650, 254 S.W.2d 92 (1953). *Riesel* was interpreting the Uniform Negotiable Instruments Law. TEX.REV.CIV.STAT. ANN. art. 5932, § 18 (Vernon 1966). Section eighteen now appears as section 3.401(a) of the Business and Commerce Code. Accordingly, since Giles' note does not bear Anderson's signature nor the signature of the partnership, we conclude that Anderson is not liable on Giles' note as principal or as partner. We reach this conclusion even though the proceeds derived from Giles' note were deposited in the partnership bank account and subsequently used by the partnership for partnership business. *See Riesel*, 248 S.W.2d at 788.

■■■ Next, we consider whether Anderson is liable on Giles' note under the doctrine of ratification. Even though a partnership receives benefits from a contract or transaction entered into by one partner in his individual capacity, the partnership is not liable unless it ratifies the actions of the individual partner. *See Riesel*, 254 S.W.2d at 93. The doctrine of ratification, however, does not apply where the third party intends to deal, not with the principal, but rather with the agent in the agent's individual capacity. *Stone v. First Wyoming Bank National Association, Lusk*, 625 F.2d 332, 345 (10th Cir.1980). In the present case, Badger knew that the partnership existed. Badger knew the names of the partners. Badger knew that the partnership needed $20,000.00. Badger knew that the $20,000.00 would be used by the partnership for partnership business. Indeed, Badger's check was in the sum of $20,000.00 and payable to the partnership. Nevertheless, Badger accepted individual notes from each partner. In this connection, we consider the face of the two notes persuasive. The notes bear different interest rates. Neither Anderson's note nor Giles' note had the signature of the other partner or of the partnership. Furthermore, Anderson's note was secured by a lien on real estate while Giles' note was unsecured and Badger required Giles' wife to sign the note executed by her husband. We conclude that had Badger, Anderson and Giles intended that Badger lend the partnership $20,000.00, it would have been a simple matter for the parties to have drafted a note or other contract documents to so provide. Instead, Badger would have us do that for him. We decline to do so. Courts cannot make contracts for the parties. *Weitzman v. Steinberg*, 638 S.W.2d 171, 175 (Tex.App.—Dallas 1982, no writ).

■■■ Therefore, we conclude that in the present case Badger intended to deal, not with Anderson and Giles as partners and their partnership, but rather with Anderson and Giles in their individual capacities. It

follows, therefore, that in the present case the third party intended to deal, not with the principal, but rather with the agent in the agent's individual capacity. *See Stone,* 625 F.2d at 345. Thus, we treat the transaction in the present case as having two distinct parts. First, Badger lent $10,000.00 to Anderson in his individual capacity and another $10,000.00 to Giles in his individual capacity. Second, Anderson and Giles each contributed the sum of $10,000.00 to their partnership out of their separately acquired funds. Consequently, we conclude that Anderson is not liable on Gile's note under the doctrine of ratification.

Accordingly, we hold that Anderson has no liability on the note at issue. Consequently, we reverse the judgment of the trial court and we render judgment that Badger take nothing against Anderson. All costs in this court are taxed against Badger.