**William B. SCHAEFFER, Jr. Appellant,**

**v.**

**Mike O'BRIEN, Individually and Mike O'Brien, P.C. Appellees.**

**No. 11–00–00005–CV.**

Court of Appeals of Texas, Eastland.

March 8, 2001.

Rehearing Overruled April 5, 2001.

---

Shawn Casey, Houston, TX, for appellant.

Justin Waggoner–Craig Smyser–Smyser, Kaplan & Veselka, Houston, TX, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

McCALL, Justice.

William B. Schaeffer, Jr. appeals the trial court's summary judgment that he take nothing from Mike O'Brien or Mike O'Brien, P.C. (O'Brien) in his legal malpractice suit against them. We affirm.

Schaeffer, also an attorney, entered into a contract with Frank Gorczynski, John Hurier, and Frank Austin O'Brien (the clients) to represent them on a contingency basis in claims against Vittorio di Guevara Suardo Fabbri (Fabbri). The clients eventually decided to discharge Schaeffer from representing them and to retain another attorney in the matter. Schaeffer filed a plea in intervention in the suit against Fabbri in which he sought his attorney's fees under the contract with the clients. The clients settled their lawsuit against Fabbri; and Schaeffer, through his attorney, entered into a "Rule 11"[1] agreement with Fabbri, through its attorneys, the firm of Susman Godfrey.

The agreement reads in pertinent part:
Dear Mr. Wilson [an attorney with Susman Godfrey working on the case],

During our conversation, you stated that [Fabbri] was not going to pay the amount of the judgment directly to the persons named in the judgment and that you were going to interplead the funds into the registry of the Court in this action if and/or when the judgment is paid.

Subsequently, Fabbri paid the money into the court's registry but did not file an interpleader action. The money was eventually paid to the clients. Schaeffer retained O'Brien to help him recover his fees under the agreement with the clients. Schaeffer wanted O'Brien to file suit for breach of the Rule 11 agreement against Susman Godfrey, but O'Brien did not do so.

Schaeffer filed suit against O'Brien for legal malpractice and argued that O'Brien's failure to file suit against Susman Godfrey was negligent and caused him to lose his fee from the clients. O'Brien filed a motion for traditional summary judgment under TEX.R.CIV.P. 166a(c) on the ground, among others, that Schaeffer could not establish the "case within a case" necessary for him to prevail on his legal malpractice claims. A plaintiff in a legal malpractice case must show that, but for the attorney's conduct, the plaintiff

would have prevailed in the underlying transaction. *Mackie v. McKenzie*, 900 S.W.2d 445, 448–49 (Tex.App.—Texarkana 1995, writ den'd); *Jackson v. Urban, Coolidge, Pennington & Scott*, 516 S.W.2d 948, 949 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). In *Cosgrove v. Grimes*, 774 S.W.2d 662, 666 (Tex.1989), the court noted that the amount of damages in a legal malpractice case is measured by "the amount of damages recoverable and collectible from [the defendant in the underlying suit] if the suit had been properly prosecuted." The trial court granted O'Brien's motion.

A trial court properly grants a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Summary judgment in favor of a defendant is proper if the defendant disproves at least one element of the plaintiff's case. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). When reviewing a summary judgment, we take as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell*, supra at 425; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

█ O'Brien moved for summary judgment on the ground that Susman Godfrey was not a party to the Rule 11 agreement and could not, therefore, have been liable to Schaeffer for the failure of Fabbri to file an interpleader action under the agreement. It is well-settled law in Texas that an agent who contracts on behalf of a disclosed principal is not liable on the contract unless he explicitly or implicitly obligates himself in the contract. *Heffron v. Pollard*, 73 Tex. 96, 11 S.W. 165, 166 (1889); see *Seale v. Nichols*, 505 S.W.2d 251, 255 (Tex.1974). The Dallas court applied this rule to an attorney who contract-

ed with a third party on behalf of a client. *Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). The Supreme Court in *Seale* stated that an agent could avoid liability on a contract only by disclosing his intent to sign as a representative of another contracting party. *Seale v. Nichols*, supra. The Dallas court distinguished *Seale* and noted that it "[did] not require every contract signed by a lawyer for a disclosed client to contain explicit language negating his personal liability" as long as the contract did not implicitly impose liability on the lawyer. *Eppler, Guerin & Turner, Inc. v. Kasmir*, supra at 739.

█ In the present case, the Rule 11 agreement shows that neither Susman Godfrey nor the individual attorney who signed on behalf of Fabbri was a party to the agreement. The agreement clearly indicates that it is made by each attorney on behalf of his client. It clearly obligates Susman Godfrey's client to interplead the settlement proceeds into the registry of the trial court. Even though the letter states that "you [will] interplead the funds into the registry of the Court," neither Susman Godfrey nor the individual attorney who signed the letter would have standing to file an interpleader action with Fabbri's money. Only Fabbri, the client and principal, could have taken that action or directed Susman Godfrey to take that action. Thus, it is not reasonable to infer that "you" refers to Susman Godfrey. Furthermore, Schaeffer admitted in his deposition that his attorney who signed the Rule 11 agreement was acting only as his agent and was not liable on the contract. To hold Susman Godfrey, acting as an agent for Fabbri, to be a party to the contact but to hold Schaeffer's attorney, acting as an agent for Schaeffer, not to be a party would be illogical and unreasonable. Because Susman Godfrey was not a party to the Rule 11 agreement, Schaeffer could not establish the necessary "case within a case" required to prevail in his suit against O'Brien. The trial court did

not err in granting summary judgment for O'Brien.

Schaeffer's first issue on appeal is overruled. We need not address his remaining three issues because they are predicated on the assumption that Susman Godfrey was a party to the Rule 11 agreement. See TEX.R.APP.P. 47.1. The judgment of the trial court is affirmed.