Reversed and Rendered and Memorandum Opinion filed August 31,
2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00045-CV



 

Phillip Alexander Hajdasz, Appellant

V.

Chase Merritt West Loop,
L.L.C, Appellee

 



On Appeal from the County Civil
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 914446



 

MEMORANDUM  OPINION

 

Appellee, Chase Merritt West Loop, L.L.P. (“Chase
Merrit”), sued appellant, Phillip Alexander Hajdasz, for breach of a lease
agreement.  At trial, Hajdasz moved for a directed verdict arguing he was not a
party to the lease agreement and could not be held personally liable for the
alleged breach.  The court denied his motion for directed verdict on that basis
and submitted the case to the jury on the theory of Hajdasz’s liability as a
principal.  The jury returned a verdict in favor of Chase Merritt and awarded
damages, interest, and attorney’s fees.  

On appeal, Hajdasz contends (1) the evidence is
legally and factually insufficient to show his personal liability on the lease,
and (2) the trial court erred in submitting the case to the jury.  We reverse
and render judgment in favor of Hajdasz.

I.   Background

In a written Office Lease Agreement, dated July 12,
2005, Global Funding Solutions, L.L.C. (“Solutions”), identified as a “Texas Corporation,”
as tenant, and Property Texas SC One Corporation (“Property One”), as landlord,
entered into a lease for office space.  Hajdasz, the branch manager of
Solutions’s Houston office, signed the lease as Solutions’s “Operations Manager.” 
In the fall of 2005, the Houston office split from Solutions and reorganized
under the name Medium Mind Consulting, L.L.C (“MMC”).  Hajdasz apparently
intended for MMC to assume the liabilities of Solutions, including the lease
with Property One, though the record contains no express agreement to that
effect with either Property One or its eventual successor, Chase Merritt.[1] 


MMC then, via an assumed-name certificate, began
doing business as “Global Funding Services.”  Property One explicitly acknowledged
this name change, and a year later the lease was amended to name Global Funding
Services, L.L.C. (“Services”), identified as a “Texas limited liability
company,”[2] as the new tenant.  On
behalf of Services, Hajdasz signed various documents relating to this lease
agreement as Services’s “Operations Manager.” 

In July of 2007, Property One deeded the property
containing the office space to Chase Merritt, and Chase Merritt became the
successor in interest to Property One.  Subsequently, Services defaulted on the
amended lease.  In March of 2008, Chase Merritt filed suit on the amended lease. 
For reasons that are unclear, Chase Merritt sued only Hajdasz individually, but
not Services, although that entity was the only tenant named in the amended
lease.  

At trial, Hajdasz moved for a directed verdict at the
close of Chase Merritt’s case-in-chief, arguing he was not personally liable
for Services’s default.  The trial court denied the motion.[3] 
The jury found Hajdasz personally liable for breach of the lease agreement, and
awarded Chase Merritt $82,275.32 in actual damages, plus interest and
attorney’s fees.  On appeal, Hajdasz contends (1) the evidence is legally and
factually insufficient to show he is personally liable on the lease, and (2)
the court erred in denying his motion for directed verdict and submitting the
case to the jury.

II.   Discussion

A.      Standard of
Review –Legal Sufficiency

In a legal-sufficiency
review, we view the evidence in the light most favorable to the verdict and
indulge every reasonable inference that supports the verdict.  City of
Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005).  We are to credit evidence in support
of the judgment if reasonable jurors could and disregard contrary evidence
unless reasonable jurors could not.  See id. at 827.  

If the evidence falls within the zone of “reasonable
disagreement,” we may not substitute our judgment for the fact finder's.  Id. at 822.  We must
affirm unless (1) there is no evidence supporting the judgment, (2) the
evidence favoring the verdict is somehow rendered incompetent, or (3) the
contrary evidence conclusively establishes the opposite proposition.  See id. at 810–11.  Simply
stated, we are to consider whether the evidence at trial would have enabled
reasonable and fair-minded people to reach the verdict that is under review.  Id. at 827.

B.      Lack of Personal Liability

The jury found, and Hajdasz does not dispute, that
the lease agreement was breached.  The issue presented here, however, requires
us to decide, on the appellate record presented, whether appellant can actually
be held liable for that breach.  As previously stated, Chase Merritt did not
sue Services, the tenant expressly named in the amended lease agreement. 
Instead, it sought only to hold Services’s operations manager, Hajdasz,
personally liable for the company’s breach.  

Services, the defaulting tenant, is identified in the
amended lease agreement as a limited liability company.[4] 
That designation can be legally significant because, as a general rule, managers
are not individually liable for the debts of the limited liability company.  McCarthy
v. Wani Venture, A.S., 251 S.W.3d 573, 590 (Tex. App.—Houston [1st Dist.]
2007, pet. denied.); see Tex. Bus. Orgs. Code Ann § 101.114 (Vernon
2009).  The Texas Business Organizations Code states: “Except as and to the
extent the company agreement specifically provides otherwise, a member or
manager is not liable for a debt,
obligation, or liability of a limited liability
company, including a debt, obligation, or liability under
a judgment, decree, or order of a court.”  § 101.114.  Generally, when an agent
contracts for a disclosed principal, as Hajdasz did in signing the amended
lease on behalf of Services, the agent is not liable on the contracts he makes.[5] 
See Schaeffer v. O’Brien, 39 S.W.3d 719, 721 (Tex. App.—Eastland 2001,
no pet.); Mediacomp, Inc. v. Capital Cities Commc’n, Inc., 698 S.W.2d
207, 211 (Tex. App.—Houston [1st Dist.] 1985, no writ) (citing Whataburger,
Inc. v. Rutherford, 642 S.W.2d 30, 34 (Tex. App.—Dallas 1982, no writ)). 

In the instant case, for Hajdasz to be liable under a
breach-of-contract claim, Chase Merritt would have needed to prove that he
agreed to individual liability on the lease.[6]  See § 101.114; McCarthy,
251 S.W.3d at 590.   However, the record reveals that Hajdasz signed the
original lease solely in the capacity of Solutions’s “Operations Manager,” and
the amended lease agreement only as Services’s “Operations Manager.”[7] 
There is no evidence that Hajdasz ever agreed to be individually liable on the
lease or amended lease.  See id.; City of Keller, 168 S.W.3d at
810–11.  Accordingly, we sustain Hajdasz’s first issue. 

III.   Conclusion

We conclude the evidence is legally insufficient to
support a finding that Hajdasz is individually liable on the lease, and we
therefore sustain Hajdasz’s first issue on appeal.  City of Keller, 168
S.W.3d at 810–11.  Because of our disposition of his first issue, we need not
reach his remaining issues.  Therefore, we reverse the trial court’s judgment
and render a take-nothing judgment in favor of Hajdasz. 

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

 









[1] Instead, the only
document in the record reflecting this alleged assumption of liabilities
consists of a letter in which Property One acknowledged Solutions had changed
its name to “Global Funding Services.”





[2] Services is identified as
a limited liability company in the lease agreement but not in the original
assumed-name certificate, where its name is recited simply as “Global Funding
Services.”





[3] The trial court granted
the directed-verdict motion in part as to Hajdasz’s liability as an agent. 
That ruling is not at issue in this appeal.





[4] Its parent company, MMC,
is in fact a limited liability company.





[5] In fact, Hajdasz
disclosed not only that that he was signing on behalf of Services, but also that “Global Funding Services” was the name
under which MMC conducted business.  





[6] An agent, of course,
might otherwise be personally liable if he agrees to act as a guarantor of the
obligation or explicitly agrees to act as a principal.  Mediacomp, Inc.,
698 S.W.2d at 211; Tenneco Oil Co. v. Gulsby Eng’g, Inc., 846 S.W.2d
559, 605 (Tex. App.—Houston [14th Dist.] 1993, writ denied) see First State
Bank of Riesel v. Dyer, 254 S.W.2d 92, 94 (Tex. 1953) .  





[7] We note Hajdasz also
signed an “acceptance of premises” memorandum in the capacity of Services’s
“President.”