**Affirmed and Majority and Dissenting Opinions filed August 15, 2019.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-17-00991-CV

---

## FRANK ZHANG AND DAXWELL GROUP, LLC, Appellants

### V.

## CAPITAL PLASTIC & BAGS, INC., Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2013-22591**

---

## DISSENTING OPINION

In analyzing appellants' second issue, the majority concludes that (1) the Commercial Lease unambiguously shows that appellant Frank Zhang is named as the "Landlord," (2) that Zhang executed the Commercial Lease in his individual capacity, and (3) the evidence supports the trial court's determination that Zhang and Daxwell Group, LLC are joint landlords. Both the law and the evidence show otherwise.

Six documents — the Warranty Deed, the Commercial Lease, the Commercial

Lease Expense Reimbursement Addendum, the Commercial Lease Addendum for Extension Option, the Commercial Lease Parking Addendum, and the Commercial Lease Guaranty (collectively, the "Lease Documents") — pertain to the same transaction.[1]  So, we are to read the Lease Documents together to ascertain the parties' intent.[2]

The six Lease Documents refer to "Landlord" in various places:

- The lead document, the Commercial Lease, first identifies "Frank Zhang or Assigns," as the "Landlord."

- The signature line on the last page of the Commercial Lease contains Zhang's signature above the line for "Landlord" with "Daxwell Group, LLC" written just below on the "By" line, as follows:

Landlord
By ___ Daxwell Group LLC ___ 1/2/0\
Date
Printed Name _____
Title _____

Landlord
By _____
Date
Printed Name _____
Title _____

- Similarly, the signature page of three other documents — the Commercial Lease Expense Reimbursement Addendum, the Commercial Lease Addendum for Extension Option, and the Commercial Lease Parking Addendum — all contain Zhang's signature above the line for "Landlord" with "Daxwell Group, LLC" written on the "By" line, as follows:

---

[1] *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000).

[2] *See id*; *In re BP America Prod. Co.*, 97 S.W.3d 366, 369 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).



- The Warranty Deed conveyed title to the leased premises to "Daxwell Group, LLC." Paragraph 24 of the Commercial Lease also indicates that the parties intended for the owner of the premises to be the "Landlord."

- The Commercial Lease Guaranty identifies "Daxwell Group, L.P." as the "Landlord." Paragraph 4.E of the Commercial Lease provides that lease payments to the "Landlord" are to be made to "Daxwell Group, L.P." at the address specified. Paragraph 34 of the Commercial Lease provides that notice to the "Landlord" was to be made to "Daxwell Group, L.P." at the address stated in the document.

The trial court did not find the Lease Documents to be ambiguous, and no party makes that argument on appeal. Zhang argues that the Lease Documents are unambiguous as to the identity of "Landlord." Because the Lease Documents are worded so that they can be given a certain or definite interpretation as to who the "Landlord" is under the Commercial Lease, the Lease Documents are unambiguous, and this court should construe them as a matter of law.[3]

---

[3] *White Oak Operating Co., LLC v. BLR Const. Cos., LLC*, 362 S.W.3d 725, 733 (Tex. App.—

To the extent the Commercial Lease's first identification of "Landlord" — "Zhang or Assigns" — can be harmonized with the other references to "Landlord" in the Lease Documents, the disjunctive "or" permits either (1) that Zhang is the sole "Landlord" or, in the alternative, (2) that one or more other parties (e.g., assigns) are the "Landlord." The identification "Frank Zhang or Assigns" does not support the construction that both Zhang and another entity are landlords at the same time.

Under the Warranty Deed, the Daxwell Group, LLC became the owner of the property on the day the Commercial Lease was executed. Daxwell Group, LLC's sole ownership of the property, particularly in light of Paragraph 24 of the Commercial Lease, suggests that Daxwell Group, LLC is the sole lessor.

It also appears from the face of the signature page on the Commercial Lease that the parties intended to name only one landlord. The Commercial Lease form they used provides two separate sections, potentially available for two different landlords to sign the lease. Each signature section contains a series of blanks for the "Landlord," its representative, the representative's title, and the date. As shown above, only one of these sections was used. Zhang's signature appears once, above Daxwell Group, LLC, and the date is handwritten once, beside Daxwell Group, LLC. The second landlord section was left blank.

The majority does not account for "Daxwell Group, LLC" appearing under Zhang's name on the Commercial Lease signature page, or on three other signature pages of the Lease Documents. Daxwell Group, LLC cannot act without a human agent signing the Commercial Lease.[4] Likewise, Daxwell Group, LLC is not itself

Houston [14th Dist.] 2011, no pet.).

[4] *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 762 (Tex. 2006) (per curiam) ("corporations must act through human agents."); *Hufco-Beaumont, LLC v. Johnson,* 14-10-01011-CV, 2011 WL 2462195, at *2 (Tex. App.—Houston [14th Dist.] June 21, 2011, no pet.) (mem. op.).

a human agent acting on behalf of Zhang.

Construing the Lease Documents together, this court should conclude that Zhang did not fail to disclose his agency or that his principal was Daxwell Group, LLC. When an agent contracts for a disclosed principal, as Zhang did in signing the Commercial Lease on behalf of Daxwell Group, LLC, the agent is not liable on the contract he makes.[5]

The majority emphasizes that there was no evidence at trial of a written assignment of the Commercial Lease and that the statute of frauds requires that such an assignment be in writing.[6] The majority concludes that, because the trial evidence did not contain a written assignment, Zhang is liable as a landlord under the Commercial Lease.[7] Presuming that there was no evidence at trial of a written assignment of the Commercial Lease and that the statute of frauds requires that such an assignment be in writing, the majority's argument ignores the fact that Capital Plastic & Bags, Inc., as plaintiff, bore the burden of proving that Zhang is liable as the "Landlord" under the Commercial Lease. Though the trial evidence did not prove the existence of a written assignment from Zhang to Daxwell, the trial evidence did not prove the non-existence of such an assignment. The silence of the evidence on this point means that Capital Plastic failed to carry its burden of proving the absence of such an assignment.

Considering the Lease Documents in proper context, the only reasonable construction is that Daxwell Group, LLC is the only "Landlord." Thus, the trial court erred in concluding that "Zhang and Daxwell, as the landlord, executed and

---

[5] *See Schaeffer v. O'Brien*, 39 S.W.3d 719, 721 (Tex. App.—Eastland 2001, no pet.); *Mediacomp, Inc. v. Capital Cities Commc'n, Inc.*, 698 S.W.2d 207, 211 (Tex. App.—Houston [1st Dist.] 1985, no writ).

[6] *See ante* at 13.

[7] *See id*.

entered into the [Commercial Lease]" and in holding Zhang liable as a landlord under the Commercial Lease.  Because the majority reaches the opposite conclusion, I respectfully dissent.


/s/     Kem Thompson Frost
Chief Justice



Panel consists of Chief Justice Frost and Justices Bourliot and Poissant (Poissant, J., majority).