Robert Kenneth HARRISON, Appellant,

v.

Billie Joe (Harrison) COX, Appellee.

No. 17625.

Court of Civil Appeals of Texas, Fort Worth.

May 23, 1975.

Rehearing Denied June 20, 1975.

388

Jennings, Montgomery & Dies, and Elton M. Montgomery, Graham, for appellant.

Patrick A. Myers, Jacksboro, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by Kenneth Harrison from a judgment for $9,000.00 that had been rendered against him on November 8, 1974. The judgment was in favor of Billie Joe Cox.

The parties had formerly been husband and wife. They were divorced by the Jack County District Court on October 27, 1970. The divorce decree awarded custody of their four children to the mother. She has remarried and is now Billie Joe Cox. The divorce decree ordered Mr. Harrison to pay $350.00 a month as child support for his four children, payable on the 15th day of each month starting November 15, 1970.

On August 22, 1974, Billie Joe Cox filed a motion in the divorce case pursuant to Sec. 14.09(c) of Title 2 of the Texas Family Code, V.T.C.A., alleging that Mr. Harrison had not paid the child support as he had been ordered to pay it by the divorce decree and praying that she be awarded a judgment against him for the amount of child support that had been ordered but that had not been paid by Mr. Harrison.

The non jury trial on this matter resulted in the judgment that is being appealed here.

No statement of facts was filed in this Court in connection with this appeal, but the trial court did sign and file findings of fact and conclusions of law.

The trial court found the following facts: that one of the four children, Debra Harrison, 1½ months after the divorce decree, had married and had then moved from her mother's home; that another child, Calvin Harrison, 11 months after that decree, moved from his mother's home and has since lived with and been supported by his father or by his father's folks; that since the date of the divorce decree on October 27, 1970, Mr. Harrison has paid only $450.00 of the child support that he was therein

ordered to pay; that Robert Harrison, age 10, and Melvin Harrison, age 17, are the two children that were at the time of the hearing still living with their mother; that after the divorce, Mr. Harrison has had some long periods of physical disability, during which periods he was unemployed and Mrs. Billie Joe Cox testified that as far as she knew the father had done the best he could under the circumstances to support the children.

Article 14.09(c) of Title 2 of the Texas Family Code became effective on January 1, 1974. The judgment here was recovered under that Statute.

A large part of the child support payments for which this judgment was rendered had accrued prior to the time Art. 14.09(c) of the Texas Family Code became effective on January 1, 1974.

Mr. Harrison contended in the trial court that the judgment should have been limited to one-half of the $350.00 monthly child support payments that accrued after the effective date on January 1, 1974, of Art. 14.09(c).

The conclusions of law indicate that the trial court arrived at the amount of the judgment by adding all of the child support payments that have accrued since the date of the divorce decree on October 27, 1970, and deducting from that amount the sum that Mr. Harrison had actually paid as child support and further deducting a proportionate part of the monthly payments that accrued during the period following the divorce decree that two of the children were not in fact supported by their mother.

Mr. Harrison's first point of error is that the trial court erred in awarding the mother of his children a money recovery against him that included child support payments that he had not paid that had accrued under the divorce decree prior to January 1, 1974, the effective date of Art. 14.09(c) of the Texas Family Code.

We overrule this point of error.

This action was brought and the judgment obtained under and by virtue of Art. 14.09(c) of Title 2 of the Texas Family Code.

Article 14.09 of the Texas Family Code, in its entirety, provides:

"(a) Any order of the court may be enforced by contempt.

"(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the supreme court.

"(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

"(d) A parent may be compelled to testify fully in regard to his ability to support the child."

Mr. Harrison's first contention under that point is that the Legislature did not intend that Subdivision (c) of that Statute apply to child support payments that had accrued prior to January 1, 1974, which was the effective date of the Act. He says that he is correct in that contention because, if the Legislature did intend for it to· apply to child support payments in that category, the law would be unconstitutional as being a retroactive law in violation of Art. 1, Sec. 16 of the Texas Constitution, Vernon's Ann.St.

Article 1, Sec. 16, of the Texas Constitution provides: "No bill of attainder, ex post facto law, *retroactive law*, or any law impairing the obligation of contracts, shall be made." (Emphasis ours.)

We are convinced that the Legislature did intend that Art. 14.09(c) apply to child support payments that had accrued prior to the effective date of that Act.

Section 4(a) of Title 2 of the Texas Family Code, provides: " '(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, *and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice.* . . .' " And Sec. 4(b) of the Act is as follows: " '(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction.' " (Emphasis ours.)

The express recitals of the Family Code just referred to make it apparent that the Legislature intended that the means of enforcement of child support decrees provided for by Art. 14.09(a), (b) and (c) of Title 2 of the Texas Family Code apply to child support payments that had accrued under court decrees prior to January 1, 1974.

■ Prior to the effective date of Title 2 of the Family Code, the only remedy for collecting child support that had accrued prior to January 1, 1974, was by contempt proceedings that were authorized by Art. 4639a, Vernon's Ann.Civ.St. The person to whom such support was payable could not prior to that date sue for and reduce the unpaid child support to judgment. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); McDonald v. Mercantile Nat. Bank at Dallas, 162 S.W.2d 991 (Dallas, Tex.Civ. App., 1942, no writ hist.), and Youngblood v. Youngblood, 163 S.W.2d 731 (Fort Worth, Tex.Civ.App., 1942, no writ hist.).

When Title 2 of the Texas Family Code was enacted, Art. 4639a was expressly repealed by Section 3 of the Act. See Vol. 2, Vernon's Texas Family Code Annotated, p. 464.

If Sections (a), (b) and (c) of Art. 14.09 of Title 2 of the Family Code were not intended by the Legislature to apply to and afford means of collecting child support payments that had accrued under court decrees prior to January 1, 1974, then with the repealing of Art. 4639a there would no longer be any way to enforce payment of that category of delinquent child support payments.

■ This is another reason that makes it apparent to us that the Legislature intended that at least Sections (a) and (b) of Art. 14.09 of Title 2 of the Family Code provide that contempt proceedings were still available after the effective date of the Act as a means of collecting unpaid child support payments that had accrued prior to the effective date on January 1, 1974 of Title 2 of the Family Code.

It would be an unreasonable construction to say that Sections (a) and (b) of Art. 14.09 applied to aid in the collection of child support payments that accrued prior to January 1, 1974, but that Section (c) of the Statute did not so apply.

■ The general rule is that "a new remedial or procedural statute" applies to both pending and future actions. 53 Tex. Jur.2d 55, Statutes, Sec. 29; Walker v. Lyles, 45 S.W.2d 315 (Texarkana, Tex.Civ. App., 1931), affirmed in 124 Tex. 38, 72 S.W.2d 1113, and Brooks v. Texas Employers Insurance Association, 358 S.W.2d 412 (Houston, Tex.Civ.App., 1962, ref., n. r. e.).

Since we have determined that Art. 14.-09(c) is applicable to unpaid child support payments that accrued prior to the effective date of that Act, our next question is: Is that Act then unconstitutional as being a retroactive law and in violation of Art. 1, Sec. 16 of the Texas Constitution?

We hold that it is not unconstitutional.

■ It is settled that laws which affect only the remedy or procedure are not within the scope of the constitutional prohibition against retroactive laws, unless the remedy is entirely taken away or is so incumbered with conditions as to render it useless. Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S.W. 905 (1924); Ex Parte Roper, 61 Tex. Cr.R. 68, 134 S.W. 334 (1911); Holt v. Wheeler, 301 S.W.2d 678 (Galveston, Tex. Civ.App., 1957, er. dism.); Commercial Insurance Co. of Newark, N. J. v. Lane, 480 S.W.2d 781 (Dallas, Tex.Civ.App., 1972, ref., n. r. e.), and 53 Tex.Jur.2d 53, Statutes, Sec. 29.

■ Remedial law or procedural law is the law that pertains to practice and procedure. It is the legal machinery by which the substantive law is made effective. See 52A C.J.S. Law, p. 741.

In 1953, Article 4639a, V.A.C.S., was amended to enable a court to order a parent to make periodic child support payments for the benefit of his child until the child reached 18 years of age. The Statute also provided that the payments could be enforced by contempt proceedings. Prior to this amendment the Statute only provided for such payments until the child reached 16 years of age.

In the case of Du Pre v. Du Pre, 271 S.W.2d 829 (Dallas, Tex.Civ.App., 1954, no writ hist.), it was contended that this amendment could not be made to apply to the support of children involved in divorce cases that were decided prior to the effective date of the amendment, because to so hold would make the law unconstitutional as being retroactive. That court held against such contention saying at page 831 the following: "Point 1 cannot be sustained. The amendment does not give an additional right, but only an additional remedy. The father's liability for his child's support is continuing until the child attains his majority. The remedy for the collection of such legal liability of the father, provided for in the amended article, imposed no

new legal liability on the father, but merely provided a more effective remedy or means of enforcing the existing legal liability. . . . 'No one has a vested right in a remedy which is accorded by the law, or in the rules of evidence. "A person has no vested right in any particular remedy, and he cannot insist on the application to the trial of his case, whether civil or criminal, of any other than the existing rules of procedure. Statutes making changes in the remedy or procedure are always within the discretion of the lawmaking power, and are valid so long as they do not deprive the accused of any substantial right, or conflict with specific and applicable provisions of the state or federal Constitutions." ' "

What that Court said in that case about Art. 4639a is applicable here to Art. 14.-09(a), (b), and (c) of Title 2 of the Family Code.

The substantive law that is involved here is set out in Sec. 4.02 of Title 1 of the Family Code as follows: "Each spouse has the duty to support his or her minor children." And this was the law in Texas prior to the enactment of the Family Code. See Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46 (1931); Morgan v. Drescher, 219 S.W.2d 488 (Galveston, Tex.Civ.App., 1949, ref., n. r. e.); and Du Pre v. Du Pre, supra.

Article 14.09(a), (b), and (c) of Title 2 of the Family Code only provide the means of enforcing that liability of a parent to support his child. It is a remedial or procedural Statute, as was Art. 4639a, V.A.C.S., that it in part replaces. And for the same reasons stated in the Du Pre case, supra, the enactment and enforcement of Art. 14.-09(a), (b), and (c) does not result in destroying or impairing any vested rights that the father here had.

■ For the reasons stated, Subsections (a), (b), and (c) of Art. 14.09 of Title 2 of the Family Code are not unconstitutional as being a retroactive law in violation of Art. 1, Sec. 16 of the Texas Constitution.

Mr. Harrison's alternative argument is that to apply Art. 14.09(c) of the Family Code to the facts of this case, as the trial court did, would be an abuse of the trial court's discretion because it would work an injustice to him because he was not punishable for contempt (the prior remedy) for his conduct during the period ending January 1, 1974.

We overrule this contention. The appellee in her brief argues as facts of the case that Mr. Harrison owns some land in Jack County which he inherited that can be used to pay the child support, and that shortly after the divorce was granted he moved to another state. Since there is no statement of facts, there is no evidence showing whether he does own that land, when he inherited it, or whether he would be in contempt of court for not using the land to pay off the child support. The facts showing his financial status during the periods involved are not before us and the record does not show that the trial court abused its discretion in the respects urged.

Under his second point of error Mr. Harrison argues that Art. 14.09(c) is only applicable in circumstances where Art. 14.09(a) (contempt) would also be applicable. In other words he says that the two remedies are options available to the court, but neither would be justified unless the other was also justified.

We overrule the point and all of the contentions made under it.

■■ We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support to operate independently of each other as well as concurrently. In other words, it is not necessary for the facts in

a case to be such that the court would be authorized to hold the defaulting parent in contempt of court before the court could render a judgment against him for delinquent child support payments as provided for in Art. 14.09(c). There are many instances where one of the remedies provided for by the Statute would be fruitless, but where the child support or a part thereof could be collected by means of the other remedy.

In Mr. Harrison's third and fourth points of error he contends that the trial court erred in rendering a decree for a money recovery against him because there was no evidence and insufficient evidence to support any such recovery.

We overrule both of those points of error.

The appeal is being made without a statement of facts.

The trial court made no findings of fact that compelled it to render a judgment denying a recovery to Mrs. Billie Cox under Art. 14.09(c). And his findings of fact were not such that a conclusion would be compelled that Mr. Harrison was not in contempt of court for failing to make all or a part of the delinquent child support payments. The findings of fact are silent as to whether or not Mr. Harrison had in fact inherited property that could have been used by him to pay the child support as is contended in her brief by Mrs. Cox. The findings of fact are also silent as to whether Mr. Harrison did, soon after the granting of the divorce, move out of the State and then not make his child support payments.

In the absence of a statement of facts this Court cannot determine questions that depend on the sufficiency of the evidence. And, on appeal, omitted findings necessary to support the judgment would be supplied by presumption in support of the judgment. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1944), and Rule 299, Texas Rules of Civil Procedure.

The judgment is affirmed.