Barbara Matthews HOUTCHENS,
Appellant,

v.

Harley O. MATTHEWS, Appellee.

No. 17925.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 20, 1977.

Rehearing Denied Nov. 17, 1977.

Clayton Kramer, Wichita Falls, for appellant.

Sparkman & Brian and Roy T. Sparkman, Wichita Falls, for appellee.

OPINION

SPURLOCK, Justice.

This case involves a motion to reduce unpaid child support to judgment under Section 14.09(c) of the Texas Family Code. The statute does not set forth any applicable statute of limitations. At the time of the hearing on the motion, the father was in arrears on the court-ordered child support payments in excess of eight years; however, the trial court decreed judgment to the mother for unpaid child support for

only four years. The trial judge applied the four-year statute of limitations, as set forth in art. 5529 [1]. The appellant contends that the ten-year statute of limitations, as set forth in art. 5532 [1], was the applicable statute of limitations and that the trial court erred in not rendering judgment for her for the entire time period in which the appellee had not paid the child support as ordered by the original divorce decree.

We reverse and render.

The parties were divorced in 1965. There were two children of the marriage. When the divorce was granted, the father was ordered to pay child support for each of the two children, commencing December 31, 1965. The amount of such child support was to be $60.00 per month per child. None of the installments due after June 1, 1968, had been paid.

Tex. Family Code Ann. § 14.09(c) (1974) became effective on January 1, 1974. It read as follows:

"*On the motion* of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts." (Emphasis added.)

Pursuant to this statute, the appellant on October 5, 1976, filed a motion to reduce unpaid child support to judgment. The motion was heard by the trial court on December 23, 1976. After a hearing on the motion, the trial court granted the appellant a judgment in the amount of $5,460.00, from which she has taken this appeal.

No findings of fact and conclusions of law were filed in this case. (Each party assumes that the proceeding on the motion under Tex. Family Code Ann. § 14.09(c) (1974) constituted a "trial by the court" within the meaning of Tex.R.Civ.P. 296. Since that question is not before us for decision, we shall assume, without deciding, its correctness.) In such a situation, the appellant must convince this court that the trial court could not have properly based its judgment upon any of the defenses raised by the appellee. The appellee pleaded or raised the statute of limitations, laches, estoppel, loss of jurisdiction after age eighteen, an agreement between the parties modifying the divorce decree as to child support and visitation, and credit for payments made directly to Douglas. Where no findings of fact and conclusions of law are filed nor timely requested, the rule by which this court is normally bound is as follows:

"In seeking to determine whether there is any evidence to support the judgment and the *implied findings of fact* incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.'" (Emphasis added.) *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

We recognize the above quoted rule; however, in this case, the fact that the father is in arrears in his child support payments in excess of eight years is undisputed. The appellant in her brief states that at the hearing, the father admitted that "he had paid none of the installments due for either child on and after June 30, 1968." The appellee has not challenged this statement in any manner; therefore, we apply Tex.R.Civ.P. 419 which provides that "[a]ny statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party."

Since the father was in arrears for over eight years, the amount of his arrearage was $11,700.00, but the trial court's judgment was for only $5,460.00. The only possible explanation for the amount of the judgment rendered in the appellant's favor is that the court gave her judgment for all child support installments falling due from

1. *Tex.Rev.Civ.Stat.Ann.*

and including October 31, 1972, through and including September 30, 1976. Forty-eight (48) months at $60.00 per month for Douglas (who had not turned eighteen) is $2,880.00. Royce had reached eighteen years of age five months before September 30, 1976, so forty-three (43) months at $60.00 per month is $2,580.00. These two figures total $5,460.00, which is the amount of the judgment that the trial court rendered. The arithmetic does not support any conclusion other than that the trial court rendered judgment in this case on the basis of a four-year statute of limitations. Whether the trial court applied the proper statute of limitations is a law question for this court to decide.

Each spouse in Texas has the duty to support his or her minor children. Tex. Family Code Ann. § 4.02 (1974). This was also the law before the adoption of the Family Code. *Cunningham v. Cunningham,* 120 Tex. 491, 40 S.W.2d 46 (1931); *Morgan v. Drescher,* 219 S.W.2d 488 (Tex.Civ.App.—Galveston 1949, writ ref'd n. r. e.).

Prior to the enactment of the Family Code, the only remedy available to the parent who had received custody of the child was to have the party owing the child support held in contempt of court. Contempt is still an available remedy under § 14.09(a) and (b) of the Family Code. Section 14.-09(c) now provides an additional remedy, which is to *file a motion* to reduce unpaid child support to judgment. In *Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.), Justice Brewster, speaking for this court, wrote:

> "We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support *to operate independently of each other as well as concurrently.* . . ." *Id.* at 392. (Emphasis added.)

Tex. Family Code Ann. § 14.09 (1974) is a remedial statute. It does not give an additional right, but only an additional remedy. "Remedial law or procedural law is the law that pertains to practice and procedure. It is the legal machinery by which the substantive law is made effective." *Harrison v. Cox, supra,* at 391. The statute, however, does not set forth a specific statute of limitations that will be applicable *to motions* to reduce unpaid child support to judgment.

In her first two points of error, the appellant contends that the trial court erred in holding the four-year statute of limitations (as set forth in art. 5529 [2]) applicable and in failing to hold the ten-year statute (as set forth in art. 5532 [2]) applicable.

The appellee urges that the proper statute of limitations in this case is the four-year statute of limitations as set forth in art. 5529 [2].

█ In Texas, once the installment for child support has accrued, it is not subject to modification. An order providing for the support of a child may be modified only as to obligations that accrue subsequent to the motion to modify. Tex. Family Code Ann. § 14.08(c)(2) (1975).

█ The divorce in this case became final in 1965. Each installment became final and unmodifiable as it accrued, and the amount of each accrued installment is liquidated. Prior to the enactment of the Family Code, it was impossible for a person entitled to such accrued child support payments to record an abstract of judgment or to take advantage of other enforcement methods normally available to one who has secured a final judgment. Tex. Family Code Ann. § 14.09(c) (1974) has remedied this situation. It provides a procedure whereby the party entitled to receive payments for the benefit of a child may make a *motion* for the court to render judgment against a defaulting party for the accrued child support arrearage that has become final and unmodifiable. Tex. Family Code Ann. § 14.09(c) (1974). In enacting that section, the Legislature added the caption "Enforcement of

2. *Tex.Rev.Civ.Stat.Ann.*

Order." While the caption is not controlling, it does indicate to this court an intention on the part of the Legislature that this section was only intended to be an enforcement section; it does not create a new cause of action.

In several other states where one spouse has sought to collect alimony or child support awarded under a prior divorce decree, the courts have applied the statute of limitations applicable to judgments. *Wadler v. Wadler,* 325 Ill.App. 83, 59 N.E.2d 505 (1945); *Carpenter v. Metropolitan Trust Co.,* 327 Ill.App. 220, 63 N.E.2d 658 (1945); *Marte v. Marte,* 45 N.Y.S.2d 174 (1943). Also, see 70 A.L.R.2d 1250, 1255, Annot. (1960).

■ There is an excellent note, entitled "Delinquent Child Support: Remedies, Limitations, and Laches," in 28 Baylor L.Rev. 197 (1976), written by James Richmond-Hawkins. In considering whether the four or ten year statute of limitation should apply to motions under Tex. Family Code Ann. § 14.09(c) (1974), he wrote: "The policy involved in the support relationship ought to afford the supporting party a longer time in which to press a claim which was fruitless at the time it first arose." We agree with this public policy.

The case of *Turinsky v. Turinsky,* 359 S.W.2d 114 (Tex.Civ.App.—Dallas 1962, no writ) deserves special mention. In that case, the father had been ordered by an Oklahoma divorce decree to pay $150.00 per month as child support for two children. He later moved to Texas where his wife sued him for the unpaid child support. The Dallas court of civil appeals applied art. 5530 [3], which is the ten-year statute of limitations for foreign judgments, and affirmed a judgment of $15,540.00 for the accrued child support. In *Turinsky, supra,* the court obviously viewed the Oklahoma divorce decree ordering child support payments to be a final judgment within the meaning of art. 5530 [3].

■ We sustain the appellant's first two points of error and hold that upon a motion to reduce unpaid child support to judgment under Tex. Family Code Ann. § 14.09(c) (1974), the applicable statute of limitations is the ten-year statute as applicable to judgments, as set forth in art. 5532 [4].

Since no findings of fact and conclusions of law were filed, we reiterate that the appellant must convince this court that the trial court could not have properly based its judgment upon any of the defenses raised by the appellee.

In her third and fourth points of error, appellant basically contends that the trial court erred in holding (if it did) that appellant's right to child support payments was barred by laches.

■ At the outset, we note that laches, where applicable, is a complete bar. 35 Tex.Jur.2d *Laches and Stale Demands* § 2 at 459 (1962). Since the trial court rendered judgment for the appellant for $5,460.00, it is clear to us that the trial court did not find the defense of laches to be applicable. We sustain the appellant's third and fourth points of error.

■ In her fifth and sixth points of error, the appellant contends that the trial court erred in holding (if it did) that the appellant was estopped to seek recovery of accrued child support. In general, the concept of estoppel is that one who has induced another to act in a particular way should not be permitted to adopt an inconsistent position, attitude, or course of conduct and thereby cause loss or injury to the other person. *First State Bank of Riesel v. Dyer,* 248 S.W.2d 785 (Tex.Civ.App.—Waco 1952), aff'd, 151 Tex. 650, 254 S.W.2d 92 (1953).

■ There are five distinct elements of estoppel: (1) there must have been a false representation or concealment of material fact[s]; (2) it must have been made with knowledge, actual or constructive of those fact[s]; (3) the party to whom it was made must have been without knowledge or the means of acquiring knowledge of those

3. *Tex.Rev.Civ.Stat.Ann.*

4. *Tex.Rev.Civ.Stat.Ann.*

fact[s]; (4) it must have been made with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952).

Appellee contends that the facts support a finding of estoppel, if the judge made his decision on that basis. Due to the absence of findings of fact and conclusions of law, we have considered the evidence most favorable to the appellee on the issue and disregarded the evidence which is opposed to it.

On the issue of estoppel, appellee's attorney has directed us to a statement by the appellee that he was told by appellant that if he did not pay child support, he could not see the children. In that situation, the appellee could have gone to court to enforce his visitation rights.

Appellee is concerned that the appellant is going to secure the accrued child support from him in a lump sum. He could have avoided this by paying the child support as it was due, and if he truly did not know where to send the monthly payments, he could have paid the payments into the registry of the court, or he could have deposited the payment each month in a savings account for each of the children. This would have prevented the accruing of this lump sum. During a period in excess of eight years, the appellant had to support these two children without the financial help of the children's father. During this period, appellant fulfilled both her and appellee's support obligation to the children. We can not see where the appellant is going to receive any windfall.

▇ Having carefully considered the evidence most favorable to appellee on the issue of estoppel, we hold that the essential elements of estoppel are not to be found in this case. We sustain appellant's fifth and sixth points of error and hold that the trial court erred in holding (if it did) that the appellant was estopped to seek recovery of accrued child support.

Appellant's seventh point of error is basically that the trial court erred in holding (if it did) that it did not have jurisdiction to award child support that had accrued before Royce had reached age eighteen, since the motion under Tex. Family Code Ann. § 14.09(c) (1974) was not filed until Royce had reached his majority. Appellee contends that once a child reaches eighteen years of age, a parent is no longer entitled to receive payments for the benefit of that child. Obviously, appellee's argument would be correct if the appellant were trying to collect unpaid child support for a period after Royce had reached eighteen, but that is not the case here. Instead, the appellant is only trying to collect child support that had accrued and become a final judgment before Royce had attained his majority.

The parties have cited the cases of *Ex Parte Hooks,* 415 S.W.2d 166 (Tex.1967) and *McCullough v. McCullough,* 483 S.W.2d 869 (Tex.Civ.App.—Tyler 1972, no writ). We do not believe that either of these two cases is in point, since both of these cases involved a trial court's application of the contempt power under Tex.Rev.Civ.Stat.Ann. art. 4639(a). That article was repealed, effective January 1, 1974, which is the date that the new Family Code became effective. Tex. Family Code Ann. § 14.09 (1974) is the new enforcement section; this new section includes the remedy of contempt, but not in the same terms as found in the repealed Tex.Rev.Civ.Stat.Ann. art. 4639(a). Accordingly, we find cases dealing with the application of a now repealed statute on contempt to be of no use in the present litigation.

▇ An action under Tex. Family Code Ann. § 14.09(c) (1974) is retroactive, in that it applies to child support payments accruing under orders made prior to its effective date. *Harrison v. Cox, supra.*

▇ An action under Tex. Family Code Ann. § 14.09(c) (1974) is authorized only upon "the motion of any party entitled to receive payments for the benefit of a child." The statute does not indicate any intention on the part of the Legislature to extinguish

the remedy of a "party entitled to receive payments" upon the child's attaining majority to the extent of payments already accrued. We hold that a party's remedies under this section do not end when the child attains majority as to installments that have accrued and become final judgments prior to the child's attaining his majority.

We sustain the appellant's seventh point of error and hold that the trial court erred in holding (if it did) that it did not have jurisdiction to award child support that had accrued prior to Royce's attaining age eighteen.

In her eighth point of error, appellant contends that the trial court erred in holding (if it did) that appellee and appellant ever made a binding agreement that appellee would not be required to pay any part of the child support due from 1968 forward.

 The law in Texas is clear that the parents of minor children do not have the power, without court approval, to effect modification of a decree and orally agree to a reduction of child support payments. *McIntyre v. McFarland*, 529 S.W.2d 857 (Tex.Civ.App.—Tyler 1975, no writ); *In Re McLemore*, 515 S.W.2d 356 (Tex.Civ.App.—Dallas 1974, no writ). We sustain appellant's eighth point of error.

Appellant's ninth point of error is that the trial court erred in holding (if it did) that appellee was entitled to credit for payments that he had made directly to Douglas. Appellee has conceded that the trial court erred if it gave credit for any such payments made directly to Douglas.

Even though no findings of fact and conclusions of law were filed, appellant has convinced us that the trial court erred in making its judgment upon any defensive theory raised by the appellee.

Tex.R.Civ.P. 434 authorizes us to render the judgment or decree that the trial court should have rendered, unless it is necessary that some matter of fact be ascertained or the damages to be assessed or the matter to be decreed is uncertain.

The trial court should have rendered judgment against appellee for $11,700.00, which is $6,000.00 for accrued child support for Douglas (100 months at $60.00 per month from June 30, 1968, through and including September 30, 1976) and $5,700.00 for accrued child support for Royce (95 months at $60.00 per month from June 30, 1968, through and including April 30, 1976).

The judgment of the trial court is reversed; judgment is rendered against appellee in favor of appellant for $11,700.00, plus legal interest from February 10, 1977.