**Harry Lawrence MITCHELL, Appellant,**

v.

**Nancy Elizabeth MITCHELL, Appellee.**

No. 19635.

Court of Civil Appeals of Texas, Dallas.

Oct. 31, 1978.

Linda S. Aland, Strother, Davis & Stanton, Dallas, for appellant.

Michael T. Everett, Everett, Law & HeLal, Dallas, for appellee.

ROBERTSON, Justice.

This is an appeal from a judgment in a nonjury trial obtained pursuant to Tex. Family Code Ann. § 14.09(c) (1975) against appellant, Harry Lawrence Mitchell, for arrearages in child-support payments. Appellant was ordered to pay child support of $600.00 per month subsequent to a 1971 divorce decree. Although appellant has paid child support continually since the decree, he has not paid the above stated amount. We hold that the claim of appellee, Nancy Elizabeth Mitchell, is not barred by laches or estoppel and accordingly, we affirm.

The trial court filed findings of fact and conclusions of law, but these are not challenged. Appellant presents two contentions

on this appeal. First, he argues that the equitable doctrine of laches applies since appellee waited more than seven years to file her suit. Second, he claims that an oral agreement to reduce the amount of the child-support payments exists between appellee and himself, that he relied on this agreement, and thus, appellee is estopped from seeking recovery for any arrearages. Since the rule in Texas concerning the application of the doctrine of laches involves estoppel, *K & G Oil Tool & Service Co. v. G & G Fishing Tool Service*, 158 Tex. 594, 314 S.W.2d 782 (1958), we will consider these points together.

As a general rule, the doctrine of laches will not bar a suit short of the period set forth in the limitations statute unless some element of estoppel exists. *K & G Oil Tool & Service Co. v. G & G Fishing Tool Service, supra.* The appropriate statute of limitations in this case is Tex.Rev.Civ.Stat. Ann. art. 5532, a ten-year statute of limitations. *Houtchens v. Matthews*, 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd). The parties' divorces became final on February 11, 1971 and child support was set at that time. This suit was filed on October 9, 1977. Seven years and eight months has passed between the two, and thus laches does not apply unless an element of estoppel is present. The trial court's findings that appellee did not agree to any reduction in the amount of child support are unchallenged. We must accept these findings, *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.), and thus, we hold that no basis for estoppel exists. We do not pass on the question of whether such an agreement, if found by the court, would support appellant's claim of laches.

Accordingly, we affirm.