Charles Glenn CUNNIFF, Appellant,

v.

Ethel May JOHNSON, Appellee.

No. 18122.

Court of Civil Appeals of Texas, Fort Worth.

July 5, 1979.

Rehearing Denied Aug. 2, 1979.

Norman & Bates, and Gerald A. Bates, Fort Worth, for appellant.

Messer, Potts & Messer, Belton, McBryde, Bogle & Green, and James H. Harp, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

Charles Cunniff has appealed a judgment rendered against him for arrearages in child

support payments. Such payments were ordered years before in a divorce decree. The question for review is whether the trial court abused its discretion in granting his former wife's motion to reduce the arrearage to judgment because the trial court failed to find that the action is barred by laches.

We affirm.

Cunniff was ordered to pay $300.00 per month in support of his two children pursuant to a decree of divorce made on June 25, 1970. It is undisputed that Cunniff is about $14,000.00 in arrears. Mrs. Johnson, Cunniff's ex-wife, filed a motion to reduce this arrearage to judgment pursuant to § 14.09 of the Texas Family Code. The trial court heard the matter without a jury and found that Cunniff had made only partial monthly child support payments during the period of time from September 1, 1970, until October 15, 1977. The record reflects that Cunniff paid $150.00 per month for most of this time and $75.00 per month for the remaining months.

The trial court also found that Mrs. Johnson had orally agreed to reduce Cunniff's child support obligations upon the condition that Cunniff would maintain medical insurance on the children of the marriage. There is a dispute as to whether Mrs. Johnson agreed to a reduction to $200.00 or $150.00. However, it is undisputed that Mrs. Johnson accepted $150.00 per month for a number of years. It is also undisputed that neither party sought to modify or enforce the support order through a proper judicial proceeding until Mrs. Johnson filed a motion for contempt on February 6, 1978 and then amended her pleading with a motion to reduce to judgment on April 11, 1978.

Cunniff has complained of the trial court's judgment in three points of error. Basic to each point is his contention that the trial court abused its discretion by failing to apply the equitable doctrine of laches to bar Mrs. Johnson's recovery. Cunniff has admitted that his oral agreement with Mrs. Johnson to reduce his support obligation is unenforceable and that the statute

of limitations for reduction of child support arrearage to judgment is ten years. *Houtchens v. Matthews,* 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd). However, his position is that Mrs. Johnson, by waiting over seven years, waited too long to decide not to honor her oral agreement; that this delay has prejudiced him, and thus her recovery should be barred by laches.

Cunniff has not cited (nor can we find) a case where laches has been applied to bar recovery in a child support case in Texas. The Supreme Court has held that, without some element of estoppel, laches will not bar an action before the limitation period has run. *Delta County Levee Improv. Dist. No. 2 v. Leonard,* 516 S.W.2d 911 (Tex. 1975), and *K & G Tool & Service Co. v. G & G Fishing Tool Service,* 158 Tex. 594, 314 S.W.2d 782 (1958). However, child support was not involved in either of these cases. Cunniff has cited as authority for the application of laches to child support cases *Mitchell v. Mitchell,* 575 S.W.2d 311 (Tex. Civ.App.—Dallas 1978, no writ). In *Mitchell* the court refused to apply laches because no basis for estoppel existed. The trial court in *Mitchell* had found that there was no agreement for any reduction in child support. The court did not comment whether laches would have applied if there had been such an agreement.

Here the trial court did find there was an agreement for the reduction of child support. However, it made a further finding that the essential elements of estoppel were not present. Thus the trial court concluded that even though there was an agreement to reduce the amount of child support, Cunniff failed to show any estoppel. Although no point of error is directed toward estoppel, Cunniff's brief is replete with assertions that at least some element of estoppel has been shown and that this is sufficient for the application of laches.

We have carefully reviewed the record in this case. We conclude that, although there may be some evidence which might support the finding of some element of estoppel, reasonable minds could differ. However,

the conclusion made upon facts, that estoppel was not shown, is certainly not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Certainly it was not an abuse of discretion for the trial court to conclude that even though there was an agreement, Mrs. Johnson was not estopped from prosecuting her motion to reduce to judgment.

Although we have not discussed each of appellant's points of error, each point presented in complaint of the trial court's judgment has been severally considered and each is overruled. The trial court did not abuse its discretion.

The judgment of the trial court is affirmed.