**Milton Paul HUFF, Appellant,**

v.

**Patsy Ann HUFF, Appellee.**

No. 09 81 045 CV.

Court of Appeals of Texas,
Beaumont.

March 18, 1982.

Rehearing Denied May 6, 1982.

---

Jim S. Bearden, Orange, for appellant.

Joseph D. Loidold, Port Arthur, for appellee.

KEITH, Justice.

The father appeals from a proceeding brought under *Tex. Family Code Ann.* § 14.09(c) (1975) wherein the trial court entered judgment in favor of the mother of minor children for court-ordered support for more than $28,000. The primary issue before us is raised in the first point of error which asserts that the trial court erred "in using the ten (10) year statute of limitations to reduce unpaid child support to judgment." This facet of our appeal is without dispute in the record.

The original decree awarding the mother a divorce and appointing her managing conservator of four children was entered on October 19, 1973. The decree ordered the father, our appellant, to contribute $500 per month for the support of the children until the youngest child reached the age of eighteen years, with the payments to be made through the District Clerk's office. The youngest child reached the age of eighteen years in May, 1979, and suit to reduce the delinquent payments to judgment was filed in January, 1979. The judgment was entered on September 8, 1981.

At the outset of our discussion of the question presented it is well to note that the courts are sorely divided upon the limitation question. The ten-year statute [1] controls such litigation in the intermediate courts in Fort Worth, Dallas, and Beaumont.[2] The four-year statute [3] is applicable to such cases reaching the intermediate courts in Texarkana and El Paso.[4] Two scholars have spoken to the subject but neither has done so from a consideration of the limitation statutes; instead, each addressed policy reasons supporting the longer period.[5]

Whatever may be said for the conflicting views on the limitation question, this Court

---

1. *Tex.Rev.Civ.Stat.Ann. Art. 5532 (1958).*

2. *Houtchens v. Matthews,* 557 S.W.2d 581, 585 (Tex.Civ.App.—Fort Worth 1977, writ dism'd); *Mitchell v. Mitchell,* 575 S.W.2d 311, 312 (Tex. Civ.App.—Dallas 1978, no writ); and *Martin v. Adair,* 601 S.W.2d 543 (Tex.Civ.App.—Beaumont 1980, no writ). See also, *Cunniff v. Johnson,* 584 S.W.2d 543, 544 (Tex.Civ.App.—Fort Worth 1979, writ dism'd), which followed *Houtchens v. Matthews,* supra.

3. *Tex.Rev.Civ.Stat.Ann. Art. 5529 (1958).*

4. *Ex parte Payne,* 598 S.W.2d 312, 319 (Tex. Civ.App.—Texarkana 1980, orig. proceedings); *Ex parte McNemee,* 605 S.W.2d 353, 357–358 (Tex.Civ.App.—El Paso 1980, orig. proceedings).

5. (a) Note, *28 Baylor L.Rev. 197, 200–201 (1976).* This article was cited in *Houtchens v. Matthews,* supra, in support of the "longer time" in which to press the claim, i.e., ten years rather than four. (557 S.W.2d at 585) The article was also cited in *Ex parte Payne,* supra, as support for the proposition that *Art. 5529* is applicable to the remedy of contempt. (598 S.W.2d at 319)

(b) See Annual Survey of Texas Law, "Family Law: Parent and Child", E. Solender, *35 Sw.L.J. 151, 166–167 (1981),* noting the conflict and suggesting that the period ("whatever

has joined the numerical majority of the Texas courts holding the ten-year statute to be applicable. *Martin v. Adair*, 601 S.W.2d 543 (Tex.Civ.App.—Beaumont 1980, no writ), and we adhere to the holding.[6] The first point of error is overruled. If we be in error in our holding, and at least two courts would so hold on this record, relief can be procured in the Supreme Court because of the conflict in the decisions noted herein. *Tex.Rev.Civ.Stat.Ann. Art. 1728, subd. 2 (1962); Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978).

We have given careful consideration to appellant's second point of error refusing to apply the "theories of estoppel and laches", but find no merit to the contention advanced. See *Cunniff v. Johnson*, 584 S.W.2d 543, 544 (Tex.Civ.App.—Fort Worth 1979, writ dism'd), and authorities therein cited with which we agree and which we find to be dispositive of appellant's contentions.

The judgment of the trial court is AFFIRMED.

limitation statute is found to be applicable") should be tolled during the minority of the child.

**6.** The Supreme Court, on rehearing of *Adair v. Martin*, 595 S.W.2d 513, 515 (Tex.1980), modified its prior rendition of judgment and remanded the cause to this Court for consideration of points not discussed on original submission of the cause by this Court.

Points 2, 3, and 4 in Martin's motion for rehearing in the Supreme Court, which prompted the action remanding the cause to this Court, related to the applicability of the two-year, the four-year, and the ten-year statutes of limitation, respectively.