**Doyle E. BARNETT, Appellant,**

v.

**Anna L. BARNETT, Appellee.**

**No. 01–82–0142–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 23, 1982.

Maria Lupe De Leon, Houston, for appellant.

Hugh Plummer, Houston, for appellee.

Before DOYLE, PRICE and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a judgment for unpaid child support. By his single

point of error, appellant contends that the trial court erred in granting the judgment for unpaid child support because appellee's only pleading was a motion for contempt for failure to pay child support. Appellee has filed no brief. The judgment will be reversed and remanded.

On June 1, 1981, appellee filed a pleading entitled "motion for contempt for failure to pay support." Her prayer only asked that appellant be held in contempt. A hearing on the motion for contempt was held on July 14, 1981. An order was entered on November 12, 1981, granting appellee's "motion for entry of judgment for unpaid child support." The judgment for unpaid child support was signed December 10, 1981, based on the July 14 show cause hearing. Appellant's motion for new trial was denied on February 22, 1982. Appellee at no time made or filed an oral or written motion to reduce unpaid child support to judgment.

Prior to 1974, contempt was the only remedy for delinquent child support. Subsection (c) was added to § 14.09 in 1974, creating the additional remedy of reduction of unpaid child support to judgment. A series of cases have held this amendment created a new remedy, but no new cause of action. *Houtchens v. Matthews,* 557 S.W.2d 581, 584 (Tex.Civ.App.—Fort Worth 1977, writ dismissed); *Martin v. Adair,* 601 S.W.2d 543, 545 (Tex.Civ.App.—Beaumont 1980, no writ); *Ex Parte Payne,* 598 S.W.2d 312, 319 (Tex.Civ.App.—Texarkana 1980, no writ); *Whitley v. Whitley,* 566 S.W.2d 660, 662 (Tex.Civ.App.—Beaumont 1978, no writ). However, an action under § 14.09(c) is authorized only upon the motion of an entitled party. *Houtchens,* supra.

V.T.C.A., Family Code, § 14.09(c) states: *On the motion* of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order... (emphasis mine)

The intent of § 14.09(c) was clarified in *Harrison v. Cox,* 524 S.W.2d 387, 392 (Tex. Civ.App.—Fort Worth 1975, writ ref'd n.r. e.):

We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that statute for the collection of child support to operate independently of each other as well as concurrently. In other words, it is not necessary for the facts in a case to be such that the court would be authorized to hold the defaulting parent in contempt of court before the court could render a judgment against him for delinquent child support payments as provided for in Art. 14.09(c). There are many instances where one of the remedies provided for by the Statute would be fruitless, but where the child support or a part thereof could be collected by means of the other remedy.

The most recent case construing § 14.-09(c) is *Frank v. Reese,* 594 S.W.2d 119, 122 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) wherein Judge Doyle opined that both remedies could be concurrently ordered. The distinction worth noting in that case is that *both* remedies were plead in a combined motion.

The entry of a judgment must conform to the pleadings. Rule 301, T.R.C.P. See Judge Doyle's discussion in *Texaco, Inc. v. Wolfe,* 601 S.W.2d 737, 741 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Because there was neither pleading nor prayer to support the judgment, it is reversed and remanded.