NUMBER 13-98-496-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JORGE SOLARES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 107th District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 This is an appeal from the denial of a bill of review brought by
appellant, Jorge Solares. By two points of error, Solares generally
contends the trial court erred as a matter of law in giving effect and
validity to the administrative writ of withholding issued by the Attorney
General to collect the child support arrearage. We affirm.

 The Solareses were divorced on June 19, 1991. The divorce
decree ordered Jorge Solares to pay child support in the amount of
$500.00 per month for his fourteen-year-old child until she became
emancipated. On March 9, 1998, the Attorney General issued an
administrative writ of withholding to collect child support arrears owed
by Solares. Solares responded by filing a bill of review seeking to set
aside the administrative writ of withholding. See Tex. R. Civ. P. 329a(f). 
In his bill of review, Solares asserted he was not an obligor, and that
there was no arrearage due pursuant to the law in effect at the time of
his child's emancipation. The trial court denied the bill and made the
following findings of fact and conclusions of law:

 1. On June 19, 1991, the Plaintiff, Jorge Solares, was
ordered by the Court to pay the sum of $500.00, per month
as child support to Elida Solares for support of Yanira Solares,
a minor child;


 2. On March 10, 1998, an Administrative Writ of
Withholding was issued by the Office of the Attorney
General, Child Support Division, to the employer of Jorge
Solares alleging an arrearage of $16,281.28, as of March 3,
1998, and ordering withholding of the sum of $250.00, per
month from the employee wages paid to Jorge Solares;


 3. As of the date of this hearing in the above styled and
numbered cause all child support arrearage had not been
paid; and


 4. Under the authority of the Texas Family Code the
Administrative Writ of Withholding issued on March 10,
1998, was a valid exercise of the authority [of] the Office of
the Attorney General, Child Support Division to collect the
existing child support arrearage.


 A bill of review is an independent, equitable action brought by the
petitioner to a former action seeking to set aside a judgment that is no
longer appealable or subject to challenge by a motion for new trial. See
In re T.R.R., a Minor Child, 986 S.W.2d 31, 35 (Tex. App.--Corpus Christi
1998, no pet.) (citing Ortega v. First RepublicBank Fort Worth, N.A., 792
S.W.2d 452, 453 (Tex. 1990)). To prevail on a bill of review, the
petitioner must ordinarily show (1) he had a meritorious claim or
defense, (2) that he was prevented from asserting by the fraud, accident,
or mistake of the opposing party, or official mistake, (3) unmixed with
any fault or negligence of her own. See id. The petitioner must state
sworn facts sufficient to constitute a meritorious claim or defense and,
as a pretrial matter, present prima facie proof to support his contention. 
In re T.R.R., 986 S.W.2d at 35 (citing 1985 Chevrolet Pickup Truck, 778
S.W.2d 463, 464 (Tex. 1989)). The burden on the petitioner is heavy
because the administration of justice requires that judgments be
accorded some finality. See Herrera v. Wembley Inv. Co., 12 S.W.3d 83,
90 (Tex. App.--Dallas 1998, no pet.) (citing Alexander v. Hagedom, 226
S.W.2d 996, 998 (Tex. 1950)). Thus, the grounds upon which bills of
review are granted are narrow and restricted. Id. (citation omitted).

 By his first point of error, Solares contends the trial court erred in
applying the 1997 amendment to the family code to his child support
order. Solares claims the effective date of the amendment was
subsequent to the date his child became emancipated and his support
obligation terminated. Solares argues that the only enforcement
remedies that could be used to recover any child support arrearage are
those available before his child became emancipated. By his second
point of error, Solares contends trial court erred in permitting the
administrative wage withholding writ to be applied retroactively.(1) 
Because of their similarity, we review appellant's points of error together.

 The Texas Family Code, amended effective September 1, 1997,
expressly provides that a "Title IV-D agency may initiate income
withholding by issuing an administrative writ of withholding for the
enforcement of an existing order. . . ." Tex. Fam. Code Ann. § 158.501(a)
(Vernon Supp. 2000). "[This] writ . . . may be issued . . . at any time
until all current support . . . arrearages have been paid." Id. §
158.502(a). "The . . . agency may issue an administrative writ of
withholding that directs that an amount be withheld for an arrearage. .
. ." Id. § 158.502(b). 

 The express recitals of the administrative writ statute make it
apparent that the Legislature intended this new remedy for the collection
of support arrearages to apply to the enforcement of any existing order,
at any time, until arrearages have been paid. The statute does not limit
its application to "enforcement orders" as Solares now urges. Nor does
the statute expressly limit its application to arrearages accruing after its
effective date.

 Additionally, the historical note relevant to chapter 922 of the 1997
Legislation of which the administrative writ is a part, provides:

 [t]he change in the law made by this Act does not affect a
proceeding under the Family Code pending on the effective
date of this Act. A proceeding pending on the effective date
of this Act is governed by the law in effect at the time the
proceeding was commenced, and the former law is
continued in effect for that purpose.


Tex. Fam. Code Ann. § 156.401 historical note (Vernon Supp. 2000). 
Because there was no proceeding pending in this case on the effective
date of the Act, the historical note would support the position that the
administrative writ remedy was available to the Attorney General for the
collection of the accrued arrearage.

 Furthermore, the Texas Supreme Court has held that remedial
legislation can be applied retroactively when no vested right has been
impaired but only the procedure or remedy has been changed. See Ex
parte Abell, 613 S.W.2d 255, 260 (Tex. 1981) (orig. proceeding);
Harrison v. Cox, 524 S.W.2d 387, 391-92 (Tex. Civ. App.--Fort Worth
1975, writ ref'd n.r.e.). In Ex Parte Abell, the court stated:

 The following [legislative] changes have been held to be
remedial: change of jurisdiction of the court in which the
litigation was pending, Regal Properties v. Donovitz, [479
S.W.2d 748 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.)];
authorization of additional remedy for collecting past-due
child support, Harrison v. Cox, [524 S.W.2d 387 (Tex. Civ.
App.--Fort Worth 1975, writ ref'd n.r.e.)]. . . .


Ex Parte Abell, 613 S.W.2d at 260 (emphasis added). In Harrison, the
new law did not change the obligee's substantive right or the obligor's
statutory duty, but merely provided an additional "means of enforcing
that liability of a parent to support his child." Harrison, 524 S.W.2d at
392. "It is settled that laws which affect only the remedy or procedure
are not within the scope of the constitutional prohibition against
retroactive law, unless the remedy is entirely taken away or is so
encumbered with conditions as to render it useless." Id. at 391. In
Harrison, the court held that the new law could be applied to support
payments due before its effective date. Id. at 392.

 Solares claims he had vested defenses under the law in effect at
the time of his child's emancipation. We disagree. By expanding the
remedies available for collecting past due child support, the 1997
amendment did not impose new legal liabilities on Solares. 

 Additionally, Solares alleges the claim for arrearages in this case
was barred by a four year limitation period.(2) Cf. In re A. D., 8 S.W.3d
466, 467 (Tex. App.--Beaumont 2000, no pet.) (issuing section 158.502
income-withholding order to a claim already barred by limitations
violates article I, section 16 of Texas Constitution) (citations omitted). 
Solares asserts his daughter married at age 17 and was, therefore,
emancipated before her eighteenth birthday. However, we find nothing
in the record to support this contention. We conclude the child was
emancipated on March 21, 1995, the date of her eighteenth birthday. 
The writ was filed on March 9, 1998, well within any four year
limitations period. Thus, the trial court properly concluded the
administrative writ was a valid exercise of authority by the Attorney
General to collect the existing child support arrearage. Solares's first and
second points of error are overruled.

 Concluding the trial court was correct in its application of the 1997
amendment, Solares has failed to show a meritorious defense. We find
the trial court properly denied his bill of review.(3) Accordingly, the
judgment of the trial court is AFFIRMED.

 

 NELDA V. RODRIGUEZ

 Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 8th day of June, 2000.


 

1. Solares also complains that the amount of the arrearage claimed
is incorrect. However, Solares did not assert this argument in his bill
of review. He did not allege with particularity sworn facts sufficient to
constitute a defense related to an incorrect amount of arrearage. See
In re T.R.R., 986 S.W.2d at 35 (petitioner must state sworn facts
sufficient to constitute a meritorious [defense]). Neither did he provide
evidence that the arrearage figure was incorrect. See id. (as a pretrial
matter, petitioner must present prima facie proof to support his
contention). Therefore, we do not consider this argument on appeal.
2. Solares contends that the following 1993 family code provision
was applicable:


 "A notice of delinquency must be filed not later than the
fourth anniversary of the date:


 1. the child becomes an adult;

 

 2. the child support obligation terminates
under the decree or order or by operation of
law; or

 

 3. an order for income withholding was
rendered under Section 14.43 of this code
or a writ of income withholding was issued
under this section and arrears have not
been fully discharged. . . ."

 

Acts 1969, 61st Leg., p. 2707, ch. 888, § 1, eff. Jan. 1, 1970, repealed
by Acts 1995, 74th Leg., ch. 20, § 2(a), eff. April 20, 1995.
3. Because we have found Solares has not shown a meritorious
defense, we need not address the remaining requirements of a bill of
review.